## Western Union Telegraph Company v. George May and Wife.

### No. 964.

1. **Mental Anguish—Stare Decisis.**—The doctrine permitting the recovery of actual damages for mental anguish caused by a failure to deliver a telegram in time to enable the addressee to reach the bedside of a sick relative before death, is well established. The Supreme Court is the only tribunal that can properly consider the propriety of overruling the doctrine. This court will not consider the question.

2. **Variance Submitted to Jury.**—It was objected to the testimony that there was a variance between the middle of the initial letters of the addressee as alleged, and the testimony. The court submitted to the jury the question of identity; submitting the original message as delivered to the telegraph company and that received at destination. *Held*, that it was correct to submit the issue as to the original message. The jury could determine from the *written letter* and circumstances whether there was a variance.

3. **Notice of Importance of Message by Its Terms.**—A dispatch, "Come at once—mother's dying," on its face discloses its importance, and the judge can so instruct as to notice of its importance.

4. **Notice of Claim to Local Agent.**—A notice of claim for damages served upon the operator and local agent of the telegraph company at place of delivery is sufficient under a stipulation requiring that the claim be presented within a given time.

5. **Rules for Business—Office Hours.**—Telegraph companies have the right to establish reasonable office hours for transacting business with the public. It was error to refuse a charge recognizing such right, the pleadings and evidence showing the issue to be material.

6. **Charge—Connection Between the Delay and the Absence.**—When requested, and the testimony raising the issue, the court should have instructed the jury that they could not find for the plaintiff unless the addressee could have reached her mother before death if the dispatch had been promptly delivered.

APPEAL from Williamson.     Tried below before Hon. F. G. MORRIS.

*Walton, Hill & Walton,* for appellant.—1.  The original message as filed for transmission being plainly addressed to Mrs. G. M. May, instead of to Mrs. G. W. May, as alleged in the petition, was improperly admitted in evidence, over defendant's objection that it varied materially from the message described in plaintiffs' petition; and when the confessedly correctly transmitted copy thereof was offered, wherein the said variance was rendered manifest beyond legitimate controversy, as the court was then bound in law to judicially know, and as was manifest by inspection of the paper propounded in evidence, the court erred in not sustaining defendant's objection to the admission of the said transmitted copy, because it varied from the allegations in plaintiffs' petition, and in refusing to then withdraw the original copy in evidence, over defendant's objection, because of the now manifest variance.  Brown v. Martin, 19 Texas, 343; Railway v. Hanna, Ct. App. C. C., sec. 495; Shipman v. Fulcrod, 42 Texas, 248.

2.  The stipulation requiring notice in writing to be filed with the company was not complied with by notice filed with an operator or some officer of the company with authority in that respect; and the Act of the Legislature of Texas, in so far as it seeks to change the rule of law in this respect, is invalid, because it contains more than one subject.

As to validity of stipulation, and whether notice to agent is sufficient: Tel. Co. v. Rains, 63 Texas, 27.

As to validity of Act of Legislature: Const., art. 3, sec. 35; Acts 22nd Leg., chap 17, Session Acts, p. 20; Giddings v. San Antonio, 47 Texas, 548; Peck v. San Antonio, 51 Texas, 490; Cool. Const. Lim., 170.

3.  The charge does not require the jury, in order to find for the plaintiffs, to find that if the message had been delivered with due diligence such delivery would have been in time for plaintiff to take the train, and that she could and would have taken the train and arrived in time to see her mother die.

4.  The court erred in refusing defendant's special charge with respect to defendant's right to establish reasonable rules and regulations fixing office hours for its business with the public.  Tel. Co. v. Bruner, 19 S. W. Rep., 149; Tel. Co. v. Merrill, 22 S. W. Rep., 826; Tel. Co. v. Broesche, 72 Texas, 654; Tel. Co. v. Rosentreter, 80 Texas, 406; Tel. Co. v. Harding, 103 Ind., 505; Given v. Tel. Co., 24 Fed. Rep., 123; Gray on Com. by Tel., sec. 13.

KEY, ASSOCIATE JUSTICE.—1.  Appellees instituted this suit against appellant to recover damages for negligence in the delivery of a telegram, alleged to read as follows:

"ALVARADO, TEXAS, December 2, 1891.
"*Mrs. G. W. May, Taylor, Texas:*
        "Come at once; mother's dying.          "HENRY."

2. Counsel for appellant concede in their brief that the objections urged against appellees' petition can not be maintained without overruling a line of cases, beginning with Stuart v. Telegraph Company, 66 Texas, 580, which permit a recovery of actual damages for mental anguish caused by a failure to deliver a telegram in time to enable the addressee to reach the bedside of a sick relative before death. The Supreme Court is the only tribunal that can properly consider the propriety of overruling a doctrine so well established. The trial court did not err in overruling the demurrers to appellees' petition.

3. Appellant contends, that the message was not addressed to Mrs. G. W. May, as alleged in appellees' petition, but to Mrs. G. M. May. The court admitted the original message, and the copy made by appellant's agent at Taylor and delivered to Mrs. May in evidence (which original and duplicate were sent up with the transcript), and submitted to the jury the question whether or not the middle initial in her name as written in the message was a W. In some respects the contested letters in both the original and the copy resemble a W, while in others they have the appearance of an M; and there was other evidence bearing on the issue thus submitted to the jury. Except that the issue was submitted as to the copy made by appellant's agent at Taylor, instead of the original delivered to appellant at Alvarado, we think the course pursued by the court below was correct.

4. The court did not err in refusing to submit to the jury the question of appellant's notice of the importance of the telegram and the necessity of its early delivery. These were indicated by the terms of the message, and it was proper for the court to so hold as a matter of law. Tel. Co. v. Moore, 76 Texas, 66; Tel. Co. v. Carter, 85 Texas, 580.

5. The contract upon which the suit was brought contained this stipulation: "The company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within sixty days after the message is filed with the company for transmission."

If the Act of the Legislature in reference to such contracts, approved March 4, 1891 (Laws Twenty-second Legislature, page 20), is constitutional, the stipulation under consideration requiring the claim to be presented within sixty days is void. Appellant assails the constitutionality of that act, upon the ground that its title contains more than one subject. We deem it unnecessary to determine the validity of the statute, because, in our opinion, the written notice served upon appellant's operator and local agent at Taylor within the time required by the contract (which appellant concedes in its brief was done) was a compliance with the terms of the contract. Appellant appears to be a foreign corporation, and while the contract gives the names of its president and its general manager, it does not disclose their headquarters, places of business, or residences.

Ruling on this question, the Supreme Court of Georgia, in Telegraph Company v. Blanchard, 68 Georgia, 299, say: "In the refusal to charge,

as asked for in the sixth ground of the motion, 'as to plaintiffs presenting their claim for damages within sixty days to some agent of the company authorized to exercise its corporate powers in relation to the subject matter of the claim,' it appears that the defendant is a foreign corporation, and we think a presentation of this claim for damages within sixty days, as shown by the evidence, to the resident agents of the defendant at Columbus, who made this contract and transmitted the message, is sufficient compliance with the law and rule, and that was all that was required."

The Blanchard case was reaffirmed in the more recent case of Hill v. Telegraph Company, decided by the same court, and reported in 30 American and English Corporation Cases, 590.

A similar ruling, with a satisfactory reason therefor, has been made by the Supreme Court of Indiana, in Telegraph Company v. Yopst, 11 Northeastern Reporter, 16. In that case Chief Justice Elliott says: "It would be unjust to permit a telegraph company to escape liability on the ground that the agent with whom the sender of a message deals has only authority to receive and transmit messages, for the sender can not know who the other agents are, or where they may be found, nor is he bound to inquire for them, but may treat the local agent as possessing authority to transact all business connected with the receipt and transmission of the message. If the company elects to constitute the local agent its representative, it must be held to have invested him with authority to transact all business directly connected with his office, and the acts of the agent respecting such business must be deemed the acts of the principal."

It is true, in the cases cited, the notices were served upon the local agents who acted for the telegraph company in making the contracts; but when, as in this case, the destination of a telegram is upon the line of the telegraph company whose liability is in issue, and it is shown that its local agent at said point received and delivered the message, we see no reason why notice served upon said agent should not be as binding upon the company as if it had been served upon the local agent who made the contract at the sending office.

6. Appellant asked a special charge in conformity with the doctrine since announced in Telegraph Company v. Neel, 86 Texas, 368, concerning the right of telegraph companies to make reasonable rules and regulations fixing office hours for their business with the public; and the assignment of error predicated upon the refusal of this charge must be sustained.

Appellant averred in its answer, that it had established reasonable office hours at Taylor, Texas, for transacting its business with the public, which hours were from 8 o'clock a. m. to 8 o'clock p. m. of each day. There was evidence tending to prove all these averments; and it was shown that the message reached the Taylor office at 7:30 p. m. The special charge refused embodied the law on this phase of the case, and it should have been given.

7. It is complained that the charge of the court authorized a verdict for the plaintiffs without a finding by the jury that, if the telegram had been delivered in due time, Mrs. May would have taken the night train and reached Alvarado before her mother died; and we think there is merit in the complaint. The charge omits this essential feature of the plaintiffs' case, and is therefore misleading and erroneous.

"A charge which instructs a jury to find for a plaintiff in the event they find certain facts proved by the evidence, and omits one of the facts essential to a recovery, is erroneous, and is not cured by a contradictory instruction given at the request of the other party which makes no direct reference to the erroneous charge. The erroneous charge ought to be withdrawn altogether or corrected by a qualification referring directly to it." Baker v. Ashe, 80 Texas, 356.

It is true that Mrs. May testified, that she was at home in Taylor at that time, and that had she received the telegram half an hour before the night train arrived she would have gone on it; and there was evidence tending to show that said train reached Alvarado about two hours before her mother died; but on a question of that kind—what a person would have done under given circumstances—it is doubtful if a court ought ever to withdraw the issue from the jury and assume the matter to be the one way or the other, no matter how strong the evidence may be. On such an issue, the evidence of the person who it is claimed would have done a particular thing had not the defendant been remiss in a duty, though important and often controlling, is not conclusive; and all the facts and circumstances may and should be considered in deciding such an issue.

8. The court's charge is also criticised by appellant because it failed to define negligence. Without holding that this omission constitutes reversible error, we suggest the propriety of supplying it on another trial.

In so far as appellant's other special charges asked and refused embody correct rules of law, they were covered by the main charge given by the court, and no error was committed in refusing to give them.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered September 26, 1894.