P. EUGENE SWEET *vs.* POSTAL TELEGRAPH & CABLE CO.

PROVIDENCE—JANUARY 16, 1901.

PRESENT : Stiness, C. J., Tillinghast and Douglas, JJ.

(1)    *Telegrams. Negligence.*

The receipt of a telegram without knowledge on the part of the receiving operator or notice to the sender that the terminal office had closed for regular business is not negligence whereupon an action can be based in favor of the addressee. Nor is the telegraph company made liable by the fact that the message was received, after the terminal office had been closed for the night, by one not in its employ and not its agent for that purpose, who was allowed to use the wires for other purposes, and who received the message and left it on file over night.

TRESPASS ON THE CASE for negligence. The facts fully appear in the opinion. Heard on petition of defendant for a new trial, and new trial granted.

STINESS, C. J. The plaintiff sues in trespass on the case for damages arising from the alleged negligence of the defendant in delivering a telegram addressed to him. The message was taken at the company's office in Boston at 9:10 P. M., November 16, 1895. It was sent to Pawtucket and there received at 9:45 the same evening. The Pawtucket office closed for regular business at nine o'clock, but a person employed by newspapers to send and receive messages for the press was in the office and received the message, leaving it on file for the operator employed by the company, who had left the office for the night. The message was delivered the next day, Sunday, at 9:55 A. M.

The controlling question is whether the receipt of the message for transmission, after the terminal office had closed, was an act of negligence. This depends upon whether the receiving agent was bound to know the time of closing in the terminal office.

(1) The decisions on this point are practically unanimous that a receiving agent is not so bound for the reason that, in view of the great number of telegraph offices all over the country, and their variant conditions—some large and requiring constant service, others small and with infrequent calls—a requirement that every agent should know the hours of every office would be unreasonable, if not impossible. To hold a company to such a duty would either require a uniform time of closing in all offices which are not constantly open, or a directory of all such offices with their various hours at different seasons of the year. The former alternative would compel a service at small stations far beyond their needs, and the latter, as Mr. Justice Miller said in *Given* v. *W. U. Tel. Co.*, 24 Fed. Rep. 119, would be "onerous and inconvenient to a degree which forbids it to be treated as a duty to its customers, for neglect of which it must be held liable to damages." This rule, stated in Croswell's Law Relating to Electricity, Telegraphs, etc., § 421, n. 1 and 2, and 25 Am. & Eng. Ency. Law, p. 785, n. g., is supported by cases cited.

The plaintiff relies on *W. U. Tel. Co.* v. *Brœsche*, 72 Tex. 654 (1889), which went to the extent of holding that the fact

that the company's office at Burton was closed at the time its agents at Austin received the message for transmission was no defence for failing to transmit and deliver the message.

But in *W. U. Co.* v. *Neel*, 86 Tex. 368 (1894), the same question came again before the court, and it was held that the company should have the right to establish reasonable hours within which their business is to be transacted, adding this very sensible conclusion : " It seems to us that the reasonableness of a regulation as to hours of business is sufficiently obvious to suggest to the sender of a message, who desires its delivery at an unusually early hour for business, the propriety of making inquiry before he enters into the contract." This decision was affirmed in *W. U. Tel. Co.* v. *May*, 27 S. W. Rep. 760, and in *W. U. Tel. Co.* v. *Wingate*, 6 Tex. Civ. Ap. 394 (1894), so that we cannot regard *W. U.* v. *Brœsche, supra*, as stating the law of Texas at the present time.

For the reason stated we are of opinion that the receipt of the telegram in Boston without knowledge of the receiving operator or notice to the sender that the office at Pawtucket had closed for regular business was not an act of negligence by the defendant. It is also clear that the defendant company is not made liable by the fact that it was received by one not in its employ and not its agent for that purpose, who was allowed to remain in the office and to use the wires of the company for other purposes.

The plaintiff argues that, as the addressee of the message, he has a right of action different from that of a sender because he is not a party to the contract and hence not bound by its stipulations. However this may be, the plaintiff has no cause of action except that of the defendant's negligence. Having found that the defendant was not guilty of negligence, there is no ground for action in either case.

Petition for new trial granted, and case remitted with direction to enter judgment for the defendant.

*Peter J. Quinn*, for plaintiff.
*Claude J. Farnsworth*, for defendant.