## Western Union Telegraph Company v. J. H. Timmons.

### Decided February 9, 1910.

**1.—Telegraph—Charge—Negligence—Causal Connection.**

In an action for negligent failure to deliver a telegram, whereby plaintiff was prevented from attending a brother's funeral, the charge should require, as a condition for plaintiff's recovery, not only that negligence in the failure to deliver should be shown, but that if properly delivered plaintiff could and would have attended.

**2.—Telegraph—Delivery—Negligence—Requested Specific Instructions.**

A requested charge grouping the specific facts excusing a telegraph company for not delivering a message directed to one living, not at the place of address, but some miles in the country, where the company ascertained this fact, mailed the message to him, notified the sending office, and received no directions or compensation for extra expense necessary to make personal delivery, held improperly refused, though covered in general terms by the charge given.

**3.—Telegraph—Notice of Claim for Damages.**

A message was transmitted to the sending telegraph office by telephone and there written out on a blank containing a stipulation for notice within ninety days, of any claim for damages, which notice was not given. Plaintiff, the addressee, had no notice of this condition, and the office refused to give him a copy of the telegram on his request. Held, that it was a question of fact whether the defendant had waived the requirement of notice or plaintiff was bound thereby. A peremptory instruction to find for defendant because no notice of the claim was given was unwarranted.

**4.—Brief.**

An assignment of error not containing nor followed by a proposition showing ground for reversal will not be considered.

**5.—Telegraph—Charge.**

A telegraph company is required to use ordinary care with respect to the delivery of a message to one beyond free delivery limits. A charge requiring this would not be taken as imposing on it the duty to make personal delivery to one living in the country without payment therefor.

Appeal from the District Court of Coryell County. Tried below before Hon. John D. Robinson.

*Geo. H. Fearons* and *Clark, Yantis & Clark,* for appellant.—It was essential to a recovery that the plaintiff could and would have attended his brother's bedside or funeral. Western U. Tel. Co. v. May, 8 Texas Civ. App., 176; Western U. Tel. Co. v. Bell, 42 Texas Civ. App., 462; Western U. Tel. Co. v. Adams, 80 S. W., 93.

The defendant was entitled to have an affirmative charge upon the group of facts which it introduced in evidence to prove that its agents acted with ordinary care and were not guilty of negligence in attempting to deliver the message in question. Rev. Stats., art. 1317; Gulf, C. & S. F. Ry. Co. v. Mangham, 95 Texas, 413; Pelly v. Denison & S. Ry. Co., 78 S. W., 542; Texas & P. Ry. Co. v. Short, 58 S. W., 56; Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 635; Southern Const. Co. v. Hinkle, 89 S. W., 309; Yellow Pine Oil Co. v. Noble, 101 Texas, 125.

As the undisputed evidence showed that no written claim was ever presented, the defendant was entitled to have a peremptory charge given to the jury directing a verdict in its favor. Western U. Tel. Co. v. Sanders, 26 S. W., 734.

The defendant's agent at Gatesville having written the message at the request of the sender and his agents the telephone company employes, the sender and the plaintiff who affirms the contract by suing on it, are bound by the terms of the contract and the printed stipulations contained therein. Gulf, C. & S. F. Ry. Co. v. Geer, 5 Texas Civ. App., 349; Western U. Tel. Co. v. Edsall, 63 Texas, 668; Texas Telegraph & Telephone Co. v. Seiders, 9 Texas Civ. App., 431.

It was erroneous for the court to peremptorily charge that the defendant should deliver the message, although the plaintiff lived three and one-half or four miles in the country, and beyond the free delivery limits of the town of Rule. The contract could not be thus arbitrarily set aside by the court. Western U. Tel. Co. v. Jennings, 98 Texas, 465; Western U. Tel. Co. v. Taylor, 3 Texas Civ. App., 310.

No briefs for appellee were on file.

RICE, ASSOCIATE JUSTICE.—On the 25th day of April, 1907, Lee Timmons, brother of appellee, was seriously injured in an accident, from which he afterwards died; and at his request his father caused a telegram to be sent over appellant's lines to appellee at Rule, Texas, announcing that fact and requesting him to come at once, which message was never delivered. Lee Timmons died on the evening of the 27th of April, and was buried the next day. It was alleged by appellee that if he had received the message promptly he would have had ample time to reach his brother before his death and been present at his funeral, which he would have done, on account of which failure he sought to recover damages.

Appellant replied, as shown by its brief, by general denial and by a special plea to the effect that it exercised ordinary care to deliver said message, in that it transmitted same to the town of Rule within about an hour after its delivery to it for transmission, and that immediately upon receipt of same at Rule, it made diligent search for appellee, but learned that he lived several miles in the country; whereupon and within a very short time after the receipt of said message, the same was deposited in the postoffice at Rule, addressed to appellee. It further plead that the message was transmitted to it through the telephone company, whose agents were the agents of plaintiff in communicating said message to the defendant's agent at Gatesville, and while so acting as the agents of plaintiff that they knew and understood that the agent of defendant would write said message on one of the company's regular blanks for sending messages, which contained the usual stipulations relative to not delivering telegrams beyond the free delivery limits without extra charge, and also a stipulation to the effect that the company would not be liable for damages for failure to deliver, unless a written claim for damages was given within ninety days after the filing of said message for

transmission, and that in so writing said message on one of said blanks, the appellant's agents acted as agent of appellee. That said message so sent, on the back thereof, contained a stipulation to the effect that no message would be delivered beyond the free delivery limits without special charge made to cover the cost of such delivery, and that the company would not be liable for damages in any case where the claim was not presented in writing within ninety days after the filing of the message with the company for transmission. That notwithstanding that the message was addressed to the appellee at Rule, he in fact resided several miles in the country from Rule, which fact was unknown to appellant when it received said message for transmission, and that when it was ascertained by appellant's agent at Rule that appellee resided several miles in the country, appellant's agent at Rule at once, about an hour after the message had been filed for transmission, sent a service message back to the original sender, to the effect that the message was not delivered because the party lived in the country, but that it had been mailed, and that the sender of said message after being so notified failed to pay or secure payment of the extra cost for delivering said message in the country to the appellee, and appellant was, therefore, not obliged to incur said extra cost. That appellee did not file within ninety days, or at any time, any written claim for damages for the failure to deliver said message, and that said stipulation in the contract was reasonable and not having been complied with, appellee was thereby debarred from recovery.

Appellee replied by supplemental petition, as shown by the brief, to the effect that he was not required to file any written claim for damages within ninety days from the date said message was filed for transmission with said company, for the reason that he had no actual knowledge that said message contained said ninety day stipulation, and that said appellant's agents refused and failed to deliver him a copy of said message, with the fraudulent intent to prevent him from ascertaining that he was so required to file the claim within ninety days, and that appellant had waived and was thereby estopped from enforcing said stipulation.

A jury trial resulted in a verdict and judgment for the appellee, from which this appeal is taken.

By its first assignment of error appellant insists that the court erred in the following charge to the jury: "Now, if you find from a preponderance of the evidence that on the 25th day of April, 1907, the defendant accepted for transmission and delivery a message, at Gatesville, Texas, to be delivered at Rule, Texas, and that said message was sent by J. M. Timmons to plaintiff, and that said message was sent for the benefit of plaintiff, telling him that Lee Timmons was very low and to come at once, and if you further find that said message was transmitted to Rule, Texas, by the defendant company but was not delivered to plaintiff, and if you further find that the defendant, its agents, servants and employes, in failing to deliver said message was guilty of negligence and failed to use ordinary care, as that term has been heretofore defined, and if you further find that such negligence and lack of ordinary care, if any, was the

direct and proximate cause of plaintiff's injury, if any, then if you so find you will find for the plaintiff and assess his damages as hereinafterward directed."

It is insisted that said charge is erroneous, among other reasons, because it directed the jury to find in favor of the plaintiff if the defendant was guilty of negligence in failing to promptly deliver the message, without also requiring the jury to find that if the plaintiff had received said message he would have gone to the bedside of his brother who was injured, or to his funeral, since unless he would have done so, no damage would have resulted by reason of any negligence of the defendant, and the plaintiff would not have been entitled to recover, because this was an essential ingredient of the plaintiff's cause of action. We are inclined to agree with appellant's contention, because in order to render appellant liable it is essential for the proof to show that if the plaintiff had received the message in time he not only could but he would have gone to see his brother, and this question is one of fact to be determined by the jury, which feature was entirely ignored in the charge given and complained of. See Western U. Tel. Co. v. May, 8 Texas Civ. App., 176, 27 S. W., 760; Western U. Tel. Co. v. Bell, 42 Texas Civ. App., 462, 92 S. W., 1036; Western U. Tel. Co. v. Adams, 80 S. W., 93. The charge as given, it will be seen, permitted a recovery if the jury should believe appellant was guilty of negligence in failing to deliver the message, notwithstanding they might also have believed that the plaintiff would not have responded to the telegram had it been delivered in time for him to have attended his brother during his illness. We therefore sustain this assignment.

The second assignment urges that the court erred in refusing to give appellant's special charge No. 6, which is as follows: "You are instructed that if you believe from the evidence that the defendant exercised ordinary care to promptly transmit the message in question to its agent at Rule, and that when it was received by the defendant's agent at Rule he went out in the town and made inquiries of various people for him and went to the hotel and looked and inquired for him and that he found out from some person in Rule that the plaintiff lived several miles in the country and that he then mailed said message a short time after he received it to the plaintiff by depositing it in the postoffice at Rule, addressed to plaintiff, and that he then on the same afternoon sent a service message to the plaintiff's agent at Ater and stated that the message was not delivered, that the party lived in the country and that he had mailed same; and if you believe that the defendant's said agent in so doing exercised such care as an ordinary prudent person would have exercised under the same or similar circumstances, then in case you so believe, you will return your verdict in favor of defendant."

The evidence disclosed that the operator, upon receipt of this message, made inquiry for the appellee about the town. Learning that he lived in the country some several miles away, he immediately mailed the message to him, and thereafter sent a service message to the appellee's agent at Ater, stating that the message was not delivered, that the party lived in the country and that he had mailed it

to him. It is the contention of appellant that it was entitled to have the facts presenting this feature of its defense grouped and presented to the jury, and that the main charge of the court failed to do this, hence that the court erred in refusing to give its special charge upon this subject. The court in its main charge gave the following on this subject: "And if you find that when said message was received at Rule, Texas, the defendant, its agents, servants and employes, knowing the importance of said message, acted with such ordinary care and diligence in attempting to deliver said message to plaintiff in person or by mailing the same to plaintiff's address at Rule, Texas, and if you find that in so doing the defendant, its agents, servants and employes exercised such care as an ordinary prudent person would have exercised under the same or similar circumstances, then in case you so find, you will return your verdict for the defendant."

It has frequently been held by our courts that a litigant is entitled to have the facts upon which he bases either his cause of action or defense so clearly and affirmatively grouped as to present the very matter upon which he relies for the determination of the jury; and that a failure to give a special charge so presenting them, in the absence of a similar presentation in the main charge, is error. It is said in Southern Const. Co. v. Hinkle, 89 S. W., 310: "That the defendant has the right to prepare and demand the giving of a special charge grouping the specific facts upon which he relies for a verdict in his favor, and that a general presentation of such issues by the court in the face of such special charge, although abstractly correct will not suffice, can not now be doubted."

Mr. Justice Brown, in Yellow Pine Oil Co. v. Noble, 101 Texas, 125, 105 S. W., 320, in discussing the refusal of a special charge grouping appellant's defense, says: "The charge as given by the court, in a general way, instructed the jury upon the issue, but the character of the evidence upon which the plaintiff in the case relied to show the nature of Noble's employment, and that he was engaged in the discharge of its duties, was such as to make the special charge requested by the defendant proper to be given by the court, and really necessary to present the defense which the oil company relied upon. It was important to the oil company that the facts detailed by its witness should be grouped and thus presented, calling attention of the jury to the facts upon which it relied to sustain the defense." See also the following cases sustaining the rule above announced: Gulf, C. & S. F. Ry. v. Mangham, 95 Texas, 413; Pelley v. Denison & S. Ry., 78 S. W., 542; Texas & P. Ry. v. Short, 58 S. W., 56; Missouri, K. & T. Ry. v. McGlamory, 89 Texas, 635, 35 S. W., 1058. See also Epperson v. International & G. N. R. R. Co., decided February 2, 1910, 125 S. W., 117, by this court.

We think the court erred in refusing to give this charge, and sustain the assignment complaining of its refusal.

Appellant in its third assignment complains of the refusal of the court to give a peremptory instruction requested by it to the effect that the evidence was insufficient to show waiver on its part of that clause requiring a written claim for damages to be filed within ninety days from the date of the filing of the message. The evidence

for the plaintiff showed that he made demand upon the appellant and its agents for this message, but they refused to deliver it to him or to let him see it, but simply read it to him. While the company undertakes to excuse its refusal and failure to deliver the message on the ground that the plaintiff had never paid anything for the message, nor did anyone guarantee the payment of anything for its delivery, still there is nothing in the evidence going to show that they had ever asked or demanded any pay from plaintiff therefor. We think, therefore, that there was sufficient evidence to have required the presentation of this issue to the jury, and hence the special charge was properly refused. See Western Union Tel. Co. v. Sanders, 26 S. W., 734. Until plaintiff had the opportunity of seeing the message and knowing its contents, as well as the stipulation requiring him to present his claim for damages within the ninety days, he certainly could not be held to have forfeited his right by reason of a stipulation he knew nothing of, and which the company itself, as shown by the proof, prevented him from ascertaining.

The eighth assignment is not briefed in accordance with the rules, as it contains no proposition. We therefore decline to consider it.

The ninth assignment complains of the following charge given by the court to the jury: "You are further charged that it was the duty of the defendant to use ordinary care and diligence in the delivery of said message after receiving the same for transmission and delivery, whether the same was to be delivered within or without the free delivery limits of the town of Rule, Texas." It is in effect urged that this charge is erroneous, first, because no notice was given to appellant that the plaintiff lived beyond the free delivery limits established for said town when said message was accepted for transmission; second, because by contract it was not obligated to deliver said message beyond the free delivery limits, unless the extra cost was paid for making said delivery; and, third, because the charge, in effect, directed the jury that it was appellant's duty to exercise ordinary care to deliver said message beyond the free delivery limits of the town, even at the expense of extra cost to it therefor. When considered in connection with the other portions of the main charge, we do not think any of said objections are well taken, because, irrespective of what the contract may have been relative to an extra charge in the event that the party should live beyond the free delivery limits, we are inclined to believe that appellant rested under the duty at least of exercising ordinary care and diligence to deliver said message, which was all in fact that the charge required to be done. Under this charge the jury could not have believed that it was the duty of appellant to send a messenger for its delivery into the country without the payment of said expense, but might have found that it was its duty to do something else in the exercise of ordinary care and diligence in an effort to deliver the message. We therefore overrule the ninth assignment of error complaining of this charge.

As the remaining assignments complain of the insufficiency of the

evidence to support the verdict, we deem it unnecessary to discuss same.

For the errors indicated, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*