WESTERN UNION TELEGRAPH COMPANY v. J. P. WEEKS.

Decided May 19, 1910.

**Telegraph—Office Hours—Delay.**

Where the evidence was clear that defendant had established and maintained reasonable office hours at the office of delivery, whereby the message could not, in usual course, have been sooner transmitted, a charge that defendant would not be excused for delay in the transmission by this fact if in the habit of receiving and delivering after such office hours, was not warranted by testimony of agent there that he had merely done so at times, for accommodation, when he happened to be in the office.

Appeal from the District Court of Hood County. Tried below before Hon. W. J. Oxford.

*Geo. H. Fearons* and *Ramsey & Odell,* for appellant.

*W. J. Lomax* and *Hiner & Dean,* for appellee.

LEVY, ASSOCIATE JUSTICE.—G. W. Stanford was fatally ill at his home about one mile from the town of Royston, Texas, and Mrs. Stanford, his wife, procured Dee Overby to deliver to appellant for transmission the telegram in suit. The addressee of the telegram was the mother, and "Nannie" was the daughter, of G. W. Stanford. The telegram was as follows:

"Royston, Texas, May 6th, 1908—To Mrs E. J. Stanford, Tolar,

Texas—George is not expected to live, let Nannie know.    (signed) Mrs. G. W. Stanford."

G. W. Stanford died about noon on May 7th, and was buried at 4 o'clock p. m. on May 8th.    The appellee's wife, who was "Nannie" of the telegram, reached Royston at 10:20 of the same night of the funeral.    Claiming that appellant negligently failed to transmit and deliver the telegram in reasonable time, the appellee sued for damages occasioned to his wife on account of being deprived of the privilege of seeing her father, after his death and before his burial.    The addressee and appellee and his wife lived about four miles in the country from Tolar, and no special agreement of delivery other than at Tolar, Texas, was made between the parties.    It was proved that the established free delivery limits of the appellant's office at Tolar was within a radius of one-half mile from its telegraph station.    The telegram was received at appellant's office at Tolar, according to the undisputed proof, at 8:30 o'clock a. m. on May 7th.    It was conclusively proved that appellant had established office hours at Tolar, a small station, at from 8 a.m. to 6 p.m.    The agent at Tolar was well acquainted with the addressee of the message, and upon the receipt of the message by him he immediately got telephone connection with Mrs. Stanford's son-in-law where she was living, and the contents of the message was read to the son-in-law.    The son-in-law at once communicated the contents of the message to Mrs. Stanford.    The son-in-law then sent his boy to notify the appellee's wife, who lived about a mile distant.    The testimony offered by appellee goes to show that the message was filed with appellant's agent at Royston for transmission, at about 12 o'clock noon of May 6th.    The appellant's agent testifies, and the original message shows, that the same was filed at 5:45 o'clock p. m. of May 6th.    It was shown that the message would have to be relayed to Tolar, and that under ordinary circumstances, it would take one hour to transmit the same.

*After stating the case.*—The ninth paragraph of the court's charge is as follows:

"On the other hand, if the defendant had not established office hours at Tolar, Texas, from 8 o'clock a. m. to 6 o'clock p. m., or if, under the circumstances, you believe such office hours were unreasonable, or if, in fact, it did establish office hours between 8 o'clock a. m. and 6 o'clock p. m. and you believe they were reasonable, but you should further believe from the evidence that notwithstanding said office hours it had been in the habit, through its agent at Tolar, Texas, of receiving messages after office hours, and of delivering messages after office hours, then you are instructed that such habit and custom on its part, if any, would constitute a waiver of office hours, and it would be held to the exercise of reasonable diligence in receiving and delivering messages the same after office hours, as if it had never undertaken to establish office hours."

This instruction is made the basis of assignment of error.    It was reversible error, we think, to give the instruction in this case.    The parties contracted with reference to established office hours, and the appellant was entitled to have its liability, if any, measured by the

existing condition named. It was conclusively proved, and not denied, that the appellant had established office hours at Tolar, a small place, from 8 o'clock a. m. to 6 p. m. It became, and was a material issue in the case, as to the time when the message was filed with appellant for transmission. It was contended by appellant that the message was filed at 5:45 o'clock p. m. of May 6th. The undisputed evidence was that it would take an hour, under ordinary and usual circumstances, to have the message relayed and delivered at Tolar. These facts being true, then the message could not have been delivered within the office hours of the Tolar office on May 6th. Hence, in the contract of transmission no liability would have resulted. The instruction, however, as given, authorized the jury to return a verdict against the appellant if there had been a waiver or abandonment of the office hours at Tolar. The record does not even indicate that there had been an abandonment of the office hours established at Tolar, and therefore, the instruction submitted an issue not warranted in the case, and was prejudicial to the appellant. The agent at Tolar testified that he had at times, outside of the office hours, received and sent some messages, but he says pointedly, "It was because I happened to be there and did it for accommodation." He further positively says, "My duty was to stay there only during office hours." There is a distinction between an abandonment of established office hours by appellant so as to affect *its contractual liability, and the occasional gratuitous service to certain individuals by its agent outside of established hours.* Having established the office hours, and still adhering and enforcing the same, it would not follow, we think, that the existence of this condition is altered by the mere fact that the agent at some time previous, did occasional gratuitous services outside the established hours for certain individuals. Western U. Tel. Co. v. Rawls, 62 S. W., 136; Western U. Tel. Co. v. May, 8 Texas Civ. App., 176, 27 S. W., 760. Appellant was entitled to a charge on the issue warranted by the evidence unhampered by instructions not warranted by the evidence.

The error indicated requires a reversal of the judgment, and the cause is remanded for another trial.

*Reversed and remanded.*