WESTERN UNION TELEGRAPH CO. *v.* ALLSWORTH.

[86 South. 762, No. 21433.]

TELEGRAPHS AND TELEPHONES. *Conditions on back of interstate telegram exempting company from damages beyond stated amount held binding.*

Where a suit was instituted for damages for the nondelivery of a telegram, and a special plea was filed alleging that the message was an interstate message, and that conditions written on the back of the telegram exempted the company from damages beyond a certain amount stated therein, it was error to sustain a demurrer to such pleas, and where the amount recovered was in excess of the maximum amount stipulated for in the contract, the judgment will be reversed.

APPEAL from circuit court of Lamar county.

HON. A. E. WEATHERSBY, Judge.

Action by A. E. Allsworth against the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The appellee sued the appellant for damages for failure to deliver a telegram sent from Slidell, La., to Camp Shelby, Miss. There was no undue delay in the transmission and no question as to the correctness of the message, but the telegram was never delivered.

The appellant filed a plea of the general issue and also two special pleas. The first special plea alleged in substance that the message was an interstate message, and that the case was controlled by the laws of the United States regulating the field of interstate communication by telegraph which undertook and did confer upon the Interstate Commerce Commission full power over the rates, charges, facilities, classifications, and practices of telegraph companies engaged in interstate commerce, and conferred on the Interstate Commerce Commission power to approve, alter, or acquiesce in existing rates and classifications;

that the Interstate Commerce Commission, prior to the filing of the message in suit, had full knowledge of the rates, charges, and classifications established by the defendant, and thereby recognized the right of defendant to charge a higher rate for the greater liability and a lower rate for a less liability, and by reason of which the stipulation in the contract subject to which this message was accepted was reasonable, valid, and binding on the plaintiff, free from any regulation or control on the part of the state of Mississippi or any other state; that the message was delivered to and accepted by the company subject to the terms of a contract in writing which became a part of the contract to transmit and deliver the message, and that it was a term and condition of said contract, and such message was accepted by the defendant with the understanding that the defendant should not be liable for mistake or delay in the transmission and delivery, or for nondelivery, of any unrepeated message beyond the amount charged for sending same; that said message was an unrepeated message, and the defendant was not requested or directed to repeat same, and the defendant was not liable beyond the cost of the telegram.

The third plea adopts largely the allegation of the second plea, and in addition sets up a valuation clause of the contract to the effect that the appellant should not be liable for mistakes or delays in transmission or delivery, or for nondelivery, of the message, whether caused by negligence of its servants or otherwise, beyond the sum of fifty dollars, at which amount the said message was valued by the sender thereof. This plea further avers that under the rules and regulations of the company in regard to valuation of messages all its primary rates and tariffs for the transmission and delivery of messages are based on the assumption that the message is valued at fifty dollars or less, and also avers that its rules, regulations, and rates were approved by the Interstate Commerce Commission prio rto the sending of the message sued on.

These special pleas were demurred to and the demurrer sustained, and the cause proceeded to trial and resulted in judgment for plaintiff in the sum of seven hundred and sixty dollars, from which judgment this appeal is prosecuted.

*J. B. Harris* and *Sullivan & Sullivan,* for appellant.

In order that the court may understand the ruling of the court below on the pleadings in this case we call its attention to the fact that this suit at bar was brought to the November term, 1917, of the lower court. The pleas were filed at January term, 1918. The order sustaining the demurrer to the special pleas was made in February, 1918. The judgment was rendered at the January term, 1920. The message was an interstate message.

The case of the Warren-Godwin Lumber Company, in which the supreme court of the United States passed upon and sustained the validity of the unrepeated message, and the valued message stipulations made by the telegraph company, was decided in December, 1919, and the case of *Norman* v. *Western Union Telegraph Company,* 83 So. 465, was not decided until the January term of the supreme court and appeared in the Southern Reporter in February, 1920.

In the case at bar the telegraph company filed to the January term, 1918, two special pleas, one setting up the unrepeated message stipulations and the other, as it is known, the valued message. These pleas were demurred to and the demurrer was sustained at the January term, 1918; this was all done, as the court will see, before the decision of the Warren-Godwin Lumber Company case or the Norman case following the Warren-Godwin Lumber Company decision, and while the case of Dickerson against the Postal Telegraph company was controlling in this state. But it is manifest that the court below proceeded without information, and that accounts for the judgment of the court below as to the validity of these pleas.

The supreme court of the United States, as the court knows, in two cases the *Postal Telegraph Company* v. *Warren-Godwin Lumber Company* and the case of *Western Union Telegraph Company* against *Boegli,* last case decided in January, 1920, advance sheets February, 1920, fully sustained the validity of these defenses and this court has followed those decisions in several cases. *Western Union Telegraph Company* v. *Norman,* 84 So. 465; *Postal Telegraph Company* v. *Eubanks,* 93 So. 676; *Western Union Telegraph Company* v. *Bourne,* 84 So. 676; *Western Union Telegraph Company* v. *Bourne,* 84 So. 143; *Western Union Telegraph Company* v. *Thompson,* 86 So. 272.

This being the case the court below erred in sustaining the demurrer to the special pleas above mentioned. The demurrer is found on page 14 of the transcript and for this error the judgment in this case must be reversed. Of course, in the light before it at the time judgment was rendered on the demurrer, the court following the state's decision was apparently right, but the state's decision was not the law of the case.

We do not feel that it is necessary to elaborate this question further. The demurrer admits that the message was an unrepeated message and also of the allegations as to its being a valued message.

*Tally & Mayson,* for appellee.

Responding to appellant's brief on the pleadings, we wish to say that we have examined the authorities cited and disagree with learned counsel as to the points decided in the cases. The case of *Western Union Telegraph Company* v. *Norman,* 83 So. 465, was reversed because it was a suit for punitive damages growing out of the handling of an interstate message. The damages were recovered under the theory as contended by the appellee in the case that the breach occurred in Louisiana where mental anguish is regarded as actual damage. The court however, in view of the fact that it was an interstate message ap-

plied the federal law which denied recovery solely for mental anguish as announced in the case of the *Southern Express Company* v. *Byers*, 240 U. S. 612, 60 L. Ed. 825. In the case of the *Postal Telegraph Company* v. *Eubanks*, 83 So. 687, it was also held that punitive damages could not be recovered for the willful conduct of the servant of the company unless the company ratified such conduct. The case of *Western Union Telegraph Company* v. *Bourne*, 84 So. 43, applying the federal rule, also holds that there could be no recovery of punitive damages on an interstate message by the sendee of the message. In the case of *Western Union Telegraph Company* v. *Thompson*, 86 So. 273, in which a recovery was had on an interstate message for punitive damages, the court denied recovery for the reason that the federal law controlled. The stipulations in a telegram limiting liability that may flow from the breach of a contract to transmit the telegram cannot be known in advance and the stipulation relieving it from liability for a mistake in unrepeated messages is void. *Dea Arc Oil Mill* v. *Western Union Telegraph Co.*, 6 A. L. R. 1081. We especially invite the court's attention to this case as it presents a very elaborate discussion of all the questions raised by counsel. If it be conceded that appellant could secure immunity by such a stipulation in the message in cases of ordinary negligence, it could not, as against gross negligence.

We respectfully submit that the court below was right in sustaining the demurrers to the special pleas.

W. H. Cook, J., delivered the opinion of the court.

After stating the facts as above. This case is controlled by the opinion and authorities therein cited in the case of *Western Union Telegraph Co.* v. *J. D. Halbert* (No. 21355) 86 So. 760, this day decided. The demurrer to the special pleas should have been overruled.

*Reversed and remanded.*