WESTERN UNION TELEGRAPH CO. *v.* ROGERS.

(Division B. April 22, 1935. Suggestion of Error Overruled, May 20, 1935.)

[161 So. 131. No. 31683.]

**Francis R. Stark,** of New York City, and **George B. Neville,** of Meridian, for appellant.

**H. R. Stone, Sr.,** and **Nate S. Williamson,** both of Meridian, for appellee.

Argued orally by **George B. Neville**, for appellant, and by **Nate S. Williamson**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellee brought this action against appellant in the county court of Lauderdale county to recover actual and punitive damages alleged to have been suffered by her because of appellant's failure to transmit and deliver a death message to her within a reasonable time. The declaration charged that the delay resulted from willfulness or gross negligence on the part of appellant. There was a recovery in the sum of two hundred dollars. From that judgment appellant appealed to the circuit court of the county, where the judgment was affirmed. From that judgment appellant prosecutes this appeal.

The appellee had an uncle at Enterprise. Appellee resided at Lake, and one of her daughters, the sender of the telegram in question, Marcella Radcliff, resided at Meridian, all in this state. At about seven-fifteen p. m. on April 29, 1933, appellee's daughter gave appellant a message to be delivered to her mother at Lake, in which she stated that the uncle at Enterprise had died and would be buried at that place at ten o'clock the next

day, which was Sunday. The fee for the message was forty cents, which was paid by appellee. The message was not delivered until the next Monday morning at about eight-thirty. The uncle had been buried the day before.

The evidence showed that for the purposes of convenience, efficiency, and economy appellant had established in its system certain trunk lines with relay stations thereon, through which messages from and to all smaller stations were collected and handled; that the trunk line and relay stations from Meridian to Lake were Atlanta, Ga., Memphis, Tennessee, and Jackson in this state. The telegram involved went over that route. Therefore, it was an interstate message, and this is true regardless of the motive of appellant in the establishment and maintenance of these trunk lines and relay stations. Western Union Tel. Co. v. Speight, 254 U. S. 17, 41 S. Ct. 11, 65 L. Ed. 104; Western Union Tel. Co. v. Halbert, 124 Miss. 214, 86 So. 760; Western Union Tel. Co. v. Allsworth, 124 Miss. 221, 86 So. 762.

Appellee sought to recover compensatory damages for the loss of the forty-cent charge, and for mental anguish and physical suffering resulting therefrom, and punitive damages as a punishment for the alleged willful wrong. The evidence for appellee was sufficient to show that the delay in the delivery of the message was the result of gross negligence on the part of appellant's employees in handling the same. That on behalf of appellant tended to show that there was no negligence in the handling of the message, that its office hours at Lake were from eight a. m. until five p. m., and no Sunday hours at all. In other words, its office at Lake was closed, under this rule, from the time this message was received on Saturday evening until eight the next Monday morning. The message was delivered about eight-thirty Monday morning. Appellant's agent at Meridian, on failure to deliver the message through the Jackson office, undertook on Satur-

day night to deliver it by telephone, but failed because appellee was without a telephone.

Under the Commerce Act of Congress of June 18, 1910 (36 Stat. 539), and amendments thereto (see 49 U. S. C. A., sec. 1 et seq.), Congress has occupied the entire field of interstate commerce. The result is that state authority on the subject has been suspended. The right of appellee to recover in this case must be determined by the act of Congress, and the governing principles of the common law applied in construing it. Under the federal rule, neither the statutory penalty nor damages for mental anguish alone can be recovered, nor can recovery be had for vindictive damages for the willful or gross neglect of the servants, unless the master expressly or impliedly participated in the wrongful act or by conduct authorized or ratified it before or after it was committed. Western Union Tel. Co. v. Wallace, 164 Miss. 759, 146 So. 142; Western Union Tel. Co. v. Speight, supra.

Was the retention by appellant of the forty-cent charge a ratification of the willful wrong of its servants, conceding there was such a wrong? To hold a master liable for vindictive damages by virtue of the ratification of the servant's tort, some affirmative action on the part of the master must be shown. Mere negation or absence of action, as by the retention of the servant, is not a ratification. 17 C. J., par. 291, p. 993. If appellant was due to refund the forty-cent toll, failure to do so was a mere negation, or absence of action, and, furthermore, if appellant's evidence was true, its servants were guilty of no negligence in failure to deliver the message, and therefore it had a right to retain the forty cents.

It is argued that appellant itself was guilty of willfulness or gross negligence in failing to keep its servants in all of its offices in the United States informed of the office hours of every other office; that if that had been done appellee's daughter would have adopted some other

method of communicating with her mother than by telegraph. It was held in Given v. Western Union Tel. Co. (C. C.), 24 F. 119, that it was not the duty of the company to keep its servants in all of its offices in the United States informed of the office hours of every other office; that the immense number of offices it maintained and the frequent necessary changes in their hours would make it too onerous and inconvenient to be treated as a duty to its patrons for the neglect of which it would be liable in damages. The court said in that case that there was no more obligation to do this in regard to offices of the same state than those of the United States. To the same effect is Sweet v. Postal Tel. & Cable Co., 22 R. I. 344, 47 A. 881, 53 L. R. A. 732, in which the principles declared in the Given case were referred to with approval.

It follows from what has been said that the judgment must be reversed. Under the record in this case, if there is any liability on the part of appellant it is for nominal damages and the forty-cent toll.

Reversed and remanded.