### R. L. NORRIS v. WESTERN UNION TELEGRAPH COMPANY.

(Filed 26 September, 1917.)

1. **Commerce — Telegraphs — Congressional Acts—Federal Decisions—Constitutional Law.**

    It is the duty of this Court to follow the decisions of the Supreme Court of the United States, upon questions involved in interstate commerce, where Congress has assumed control of the matter relating thereto, and involved in the litigation. Const., Art. I, secs. 3 and 4.

2. **Commerce — Telegraphs — Congressional Acts—Mental Anguish—Negligence—Contracts.**

    The contract entered into by the sender of a telegram with the company includes both the transmission and delivery of the message; and Congress having assumed the entire control of the field with relation to interstate messages by telegraph and telephone companies (act of Congress, 18 June, 1910), the decisions of the Supreme Court of the United States respecting such messages are controlling in the courts of this State; and thereunder a recovery of damages for mental anguish alone, where there was no injury to the person, property, health, or reputation of the plaintiff cannot be had, whether the negligence occurred in this State or elsewhere along the route of the transmission of the message.

CIVIL ACTION tried before *Daniels, J.*, at the April Term, 1917, of CHOWAN.

This action was brought to recover damages of defendant for negligently failing to deliver a telegraphic message, which was filed with the defendant at Sebrill, Va., on 27 August, 1916, to be transmitted by it to the plaintiff at Edenton, N. C., announcing the death of his mother and the day of her funeral. Defendant negligently failed to deliver the message, and by reason thereof the defendant was prevented from attending his mother's funeral. The jury returned the following verdict:

1. Did the defendant, after the receipt of the message at Edenton, N. C., negligently fail to deliver the same with reasonable promptness, as alleged in the complaint? (No answer.)

2. If so, did the acts and omission constituting negligence occur in the State of North Carolina? (No answer.)

3. If the message had been delivered in a reasonable time, could and would the plaintiff have gone to and attended the funeral of his mother, as alleged? (No answer.)

4. What damage, if any, has the plaintiff sustained on account of mental anguish caused by the negligence of the defendant? Answer: "Nothing."

The court had instructed the jury that they need not answer the other three issues as to negligence, and so forth. Judgment was entered upon the verdict in favor of the defendant, that the plaintiff take nothing by his action, and that he be taxed with the costs. The prayer of the complaint was confined to damages for the mental anguish resulting from defendant's negligence. Plaintiff appealed.

*Ehringhaus & Small and H. R. Leary for plaintiff.*
*Pruden & Pruden and S. Brown Shepherd for defendant.*

WALKER, J., after stating the case: This case is governed by our decision at the last term in *Meadows v. W. U. Tel. Co.* There we held that by the Act of 18 June, 1910, Congress has taken possession of the entire field of commerce with respect to telegraphs and telephones of an interstate character and of messages transmitted from one State to another through the medium of the electric telegraph. The plaintiff was consequently denied a recovery because the case was governed by the Federal law. The plaintiff's message was an unrepeated one, and while this Court has held in numerous cases that the stipulation written on the message as to repeated and unrepeated messages, and other like stipulations, were void, the highest Federal Court, in *Primrose v. W. U. Tel. Co.*, 154 U. S., 1, had decided that the telegraph company has the right to classify its messages, and the stipulation in regard to repeated

messages was reasonable and valid. We simply followed that case and held, as plaintiff's message was unrepeated, and therefore as there had been no compliance with this material part of the contract with the company, he could not recover under the *Primrose case.* The error in that message was a change in the language of the original message, which materially altered its terms.

In the present case the plaintiff demands that he recover damages for mental anguish alone. The Supreme Court of the United States, in *So. Exp. Co. v. Byers,* 240 U. S., 612, decided that mental suffering alone did not warrant a recovery of damages when there was no injury to person, property, health, or reputation. We quote from the opinion of the Court delivered by *Justice McReynolds:* "The action is based upon a claim for mental suffering only; nothing else was set up, and the proof discloses no other injury for which compensation had not been made. In such circumstances as those presented here, the long recognized common-law rule permitted no recovery; the decisions to this effect 'rest upon the elementary principle that mere mental pain and anxiety are too vague for legal redress where no injury is done to person, property, health, or reputation.' Cooley on Torts (3 Ed.), p. 94. The lower Federal Courts, almost without exception, have adhered to this doctrine, and in so doing we think they were clearly right upon principle and also in accord with the great weight of authority."

While in intrastate cases, our decisions to the contrary will stand unaffected by the *Byers case,* unless they are reversed by this Court, we are bound to follow the highest Federal Court, because it is our duty to do so by the terms of our Constitution (Art. I, secs. 3 and 4), the Federal law, when applicable, being the supreme law of the land. We, therefore, in construing a Federal law, follow the decisions of the highest Court in that jurisdiction, and do this, although we may radically differ with that Court in its reasoning and conclusion. It follows our decisions in the construction of our Constitution and statutes, and has said that it will do so "however absurd and illogical" those decisions are in their opinion; and we apply the same rule conversely, not meaning to use any harsh or discourteous language in doing so, for we entertain great respect for the highest tribunal in our land, and will restrain ourselves within bounds of strict propriety and courtesy in referring to it or any other Court.

Following the Federal rule, we must hold, that as this is an interstate message, the plaintiff is not entitled to recover damages for mental anguish resulting from the defendant's negligence in not delivering the message in question.

It was argued that as the negligence occurred in this State, the case is governed by *Penn v. Tel. Co.,* 159 N. C., 309, but this is a fallacy,

and grows out of a misconception as to the effect of the amendment of 18 June, 1910, by which the Congress assumed control over telegraphs and telephones engaged in interstate business. As said in *Gardner v. W. U. Tel. Co.,* 231 Fed. Rep. (C. C. of Appeals), 405: "Congress has taken possession of the field of interstate commerce by telegraph, and it results that the power of the State to legislate with reference thereto has been suspended." We cited several cases in *Meadows v. Tel. Co.; supra,* which decided as to the effect of the amendment by Congress of the Commerce Act, when it placed telegraph and telephone companies engaged in interstate business under its control, and showed that the Courts generally had held, as will appear in those cases and many others cited in defendant's brief, that the control of the States was thus suspended; their statutes and decisions were displaced or superseded thereby, and the rights and liabilities, under the law, of such companies must therefore be determined by the Federal rule. *Durre v. Tel. Co.,* 161 N. W. Rep., 755; *W. U. Tel. Co. v. Brown,* 234 U. S., 542.

The contract in this case was to "transmit and deliver," and the interstate transaction, therefore, included both transmission and delivery. The interstate dealing between the parties was not closed until the message had been delivered to the sendee, and, therefore, it makes no difference that the negligence occurred in this State, as it is the same principle that controlled in respect to the delivery of goods by a carrier. It was held in the "original package" cases that the carriage was not complete until the consignee had received the goods from the carrier. It would be incongruous to regulate the transmission and let go the delivery, having two sets of laws to govern one indivisible transaction.

As plaintiff claims damages for mental anguish alone, we concur with the learned judge (Hon. F. A. Daniels) that he is not entitled to recover.

No error.