# WESTERN UNION TELEGRAPH COMPANY *v.* BOEGLI.

ERROR TO THE SUPREME COURT OF THE STATE OF INDIANA.

No. 83. Submitted December 19, 1919.—Decided January 12, 1920.

An act of Congress regulating a subject of interstate commerce is not to be narrowly construed for the purpose of preserving the state power over the same subject previously enjoyed in the absence of federal legislation. P. 316.

The Act of June 18, 1910, c. 309, 36 Stat. 545, brought telegraph companies under the Act to Regulate Commerce and under the administrative control of the Interstate Commerce Commission, and so subjected such companies to a uniform national rule, incompatible with a power in the States to inflict penalties for failure to make prompt delivery of interstate messages. *Id. Postal Telegraph-Cable Co.* v. *Warren-Godwin Lumber Co., ante,* 27.

187 Indiana, 238, reversed.

THE case is stated in the opinion.

*Mr. Rush Taggart* and *Mr. Francis Raymond Stark* for plaintiff in error.

*Mr. Arthur W. Parry* for defendant in error.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

The Telegraph Company challenged the right to subject it to a penalty fixed by a law of Indiana for failure to deliver promptly in that State a telegram sent there from a point in Illinois, on the ground that the Act of Congress of June 18, 1910, amending the Act to Regulate Commerce (36 Stat. 539, 545), had deprived the State of all power in the premises. The court conceding that if the act of Con-

gress dealt with the subject the state statute would be in-
operative, imposed the penalty on the ground that the Act
of 1910 did not extend to that field. The correctness of
this conclusion is the one controversy with which the
arguments are concerned.

The proposition that the Act of 1910 must be narrowly
construed so as to preserve the reserved power of the State
over the subject in hand, although it is admitted that that
power is in its nature federal and may be exercised by the
State only because of nonaction by Congress, is obviously
too conflicting and unsound to require further notice. We
therefore consider the statute in the light of its text and,
if there be ambiguity, of its context, in order to give effect
to the intent of Congress as manifested in its enactment.

As the result of doing so, we are of opinion that the
provisions of the statute bringing telegraph companies
under the Act to Regulate Commerce as well as placing
them under the administrative control of the Interstate
Commerce Commission so clearly establish the purpose of
Congress to subject such companies to a uniform national
rule as to cause it to be certain that there was no room
thereafter for the exercise by the several States of power
to regulate, by penalizing the negligent failure to deliver
promptly an interstate telegram, and that the court below
erred therefore in imposing the penalty fixed by the state
statute.

We do not pursue the subject further since the effect
of the Act of 1910 in taking possession of the field was
recently determined in exact accordance with the con-
clusion we have just stated. *Postal Telegraph-Cable Co.*
v. *Warren-Godwin Lumber Co., ante,* 27. That case, in-
deed, was concerned only with the operation, after the
passage of the Act of 1910, of a state statute rendering
illegal a clause of a contract for sending an interstate
telegram limiting the amount of recovery under the con-
ditions stated in case of an unrepeated message; but the

ruling· that the effect ρf the Act of 1910 was to exclude the possibility thereafter of applying the state law was rested, not alone upon the special provisions of the Act of 1910 relating to unrepeated messages, but upon the necessary effect of the general provisions of that act bringing telegraph companies under the control of the Interstate Commerce Act. The contention as to the continuance of state power here made is therefore adversely foreclosed. Indeed, in the previous case the principal authorities here relied upon to sustain the continued right to exert state power after the passage of the Act of 1910 were disapproved and various decisions of state courts of last resort to the contrary, one or more dealing with the subject now in hand, were approvingly cited.

Reversed and remanded for further proceedings not inconsistent with this opinion.

*Reversed.*