## WESTERN UNION TELEGRAPH COMPANY *v.* BOEGLI.

[No. 22,664. Filed March 16, 1920.]

COMMERCE.—*Telegraphs and Telephones.—Interstate Messages.— State Statutes.*—The provisions of the federal act making interstate telegraph companies subject to the Interstate Commerce Act, and placing them under the administrative control of the Interstate Commerce Commission, so clearly establishes the purpose of Congress to subject such companies to a uniform national rule as to make it certain that there was no power left with the several states to regulate, by penalizing the negligent failure to deliver promptly interstate telegrams. (*Western Union Tel. Co. v. Boegli*, 187 Ind. 238, affirming judgment of trial court, superseded, in accordance with mandate of United States Supreme Court [251 U. S. 351, 40 Sup. Ct. 167.])

From Allen Circuit Court; *J. W. Eggeman*, Judge.

Action by Peter Boegli against the Western Union Telegraph Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Barrett, Morris & Huffman, Pickens, Moores, Davidson & Pickens, George H. Fearons* and *Albert J. Benedict,* for appellant.

*Arthur W. Parry,* for appellee.

LAIRY, J.—Appellee recovered a judgment in the trial court for a penalty. The action is based on a statute of this state which imposes a penalty on telegraph companies for failure to deliver telegrams with impartiality and good faith and in the order of time in which they are received. §§5780, 5781 Burns 1914, Acts 1885 p. 151.

The telegram which the company, as alleged, failed to deliver with impartiality and good faith and in the order in which it was received was an interstate message sent by the agent of appellee in Chicago to appellee at Fort Wayne, Indiana.

By the act of Congress of June 18, 1910, telegraph companies doing interstate business were declared to be common carriers, and were placed under the supervision and control of the Interstate Commerce Commission, and subjected to such rules, regulations, restrictions and penalties as such commission might impose in the regulation and control of interstate commerce. 36 Stat. at L. 539-545, ch. 309.

Appellant takes the position that the effect of this act was to deprive the state of all power to legislate on the subject, and to supersede all existing state statutes on the subject so far as such legislation applies to interstate messages, and that, the statute imposing the penalty being inoperative for reasons stated, no action can be based thereon.

In a former opinion, this court recognized the power of Congress to regulate interstate commerce either by direct legislation or through the action of the Interstate Commerce Commission in making orders imposing regulations, restrictions and penalties under authority conferred by Congress; but it was

held that a state statute imposing a regulation or a penalty, which the state had power to impose in the absence of federal action on the subject, would not be rendered inoperative by an act of Congress or by the order of a federal commission, unless the act or order was broad enough to include the specific matter covered by the state statute. *Western Union Tel. Co.* v. *Boegli* (1918), 187 Ind. 238, 115 N. E. 773.

After the rendition of the judgment of this court, affirming the judgment of the trial court, a writ of error was taken to the Supreme Court of the United States where the action of this court was reversed and the case remanded for further proceedings. *Western Union Tel. Co.* v. *Boegli* (1920), 251 U. S. 315, 40 Sup. Ct. 167, 64 L. Ed. 281.

In its opinion the court said:

"The proposition that the act of 1910 must be narrowly construed so as to preserve the reserved power of the state over the subject in hand, although it is admitted that that power is in its nature federal and may be exercised by the state only because of nonaction by Congress, is obviously too conflicting and unsound to require further notice. We therefore consider the statute in the light of its text and, if there be ambiguity, of its context, in order to give effect to the intent of Congress as manifested in its enactment.

"As the result of doing so, we are of opinion that the provisions of the statute bringing telegraph companies under the Act to Regulate Commerce as well as placing them under the administrative control of the Interstate Commerce Commission so clearly establish the purpose of Congress to subject such companies to a uniform national rule as to cause it to be certain that there was no room thereafter for the

exercise by the several states of power to regulate, by penalizing the negligent failure to deliver promptly an interstate telegram, and that the court below erred therefore in imposing the penalty fixed by the state statute." §§5780, 5781, *supra.*

In obedience to the mandate of the Supreme Court of the United States, the judgment of the trial court is reversed, with instructions to sustain appellant's demurrer to the complaint.