# WESTERN UNION TELEGRAPH COMPANY *v.* SPEIGHT.

## CERTIORARI TO THE SUPREME COURT OF THE STATE OF NORTH CAROLINA.

No. 241.   Argued October 12, 1920.—Decided October 25, 1920.

The transmission of a telegram between two States is interstate commerce as a matter of fact, and the fact must be tested by the actual transaction. P. 18.

In transmitting a message from one point to another in the same State, a telegraph company, following its habitual practice and employing its established system of wires, relays, etc., sent it into another State and back to the point of destination, this being in the circumstances quicker, and more convenient and economical for the company, than to send over wires wholly within the first State. In an action to recover for mental anguish caused by a mistake in the message, wherein the right of recovery hung on the alleged intrastate character of the message, *held:* (1) That the message was interstate, irrespective of the motive of the defendant company in routing it outside the first State or of the necessity for so doing, and (2), if a motive to evade the jurisdiction of that State were material, it was error to lay the burden on the defendant company of disproving it.

178 N. Car. 146, reversed.

The case is stated in the opinion.

*Mr. Rush Taggart,* with whom *Mr. Francis R. Stark, Mr. Walter E. Daniel, Mr. Charles W. Tillett* and *Mr. Thomas C. Guthrie* were on the brief, for petitioner.

No brief filed for respondent.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit brought in a state court by the respondent against the petitioner, the Telegraph Company, to re-

cover for mental suffering caused by a mistake in delivering a telegraphic message. The message handed to the defendant was "Father died this morning. Funeral tomorrow, 10:10 a. m.," and was dated January 24. As delivered to the plaintiff on January 24 it was dated January 23 and thus caused her to fail to attend the funeral which otherwise she would have done. The message was from Greenville, North Carolina, to Rosemary in the same State, and was transmitted from Greenville through Richmond, Virginia, and Norfolk, to Roanoke Rapids, the delivery point for Rosemary. This seems to have been the route ordinarily used by the Company for years, and the Company defends on the ground that the message was sent in interstate commerce, and that therefore a suit could not be maintained for mental suffering alone. *Southern Express Co.* v. *Byers,* 240 U. S. 612. The jury found that the message was sent out of North Carolina into Virginia for the purpose of fraudulently evading liability under the law of North Carolina and gave the plaintiff a verdict. The presiding judge then set the verdict aside "as a matter of law" and ordered a non-suit. But on appeal the Supreme Court of the State set aside the non-suit and directed that a judgment be entered on the verdict.

We are of opinion that the judge presiding at the trial was right and that the Supreme Court was wrong. Even if there had been any duty on the part of the Telegraph Company to confine the transmission to North Carolina, it did not do so. The transmission of a message through two States is interstate commerce as a matter of fact. *Hanley* v. *Kansas City Southern Ry. Co.,* 187 U. S. 617. The fact must be tested by the actual transaction. *Kirmeyer* v. *Kansas,* 236 U. S. 568, 572.

As the line was arranged and had been arranged for many years, ever since Roanoke Rapids had been an independent office, Richmond was the relay point from

Greenville to the latter place. The message went through Weldon, North Carolina, and was telegraphed back from Richmond, as Weldon business also was. It would have been possible, physically, to send direct from Weldon but would have required a rearrangement of the wires and more operators. The course adopted was more convenient and less expensive for the Company and there was nothing to show motives except the facts. As things were, the message was sent in the quickest way. The court below did not rely primarily upon the finding of the jury as to the purpose of the arrangement but held that when as here the termini were in the same State the business was intrastate unless it was necessary to cross the territory of another State in order to reach the final point. This, as we have said, is not the law. It did however lay down that the burden was on the Company to show that what was done "was not done to evade the jurisdiction of the State." If the motive were material, as to which we express no opinion, this again is a mistake. The burden was on the plaintiff to make out her case. Moreover the motive would not have made the business intrastate. If the mode of transmission adopted had been unreasonable as against the plaintiff, a different question would arise, but in that case the liability, if it existed, would not be a liability for an intrastate transaction that never took place but for the unwarranted conduct and the resulting loss.

*Judgment reversed.*

Mr. Justice Pitney concurs in the result.