SHANNON v. WESTERN UNION TELEGRAPH COMPANY.

Opinion delivered March 6, 1922.

TELEGRAPHS AND TELEPHONES—INTERSTATE MESSAGE—DAMAGES FOR MENTAL ANGUISH.—The transmission of a telegram between two points in the same State over a customary route passing out of the State was an interstate message, so as to prevent the addressee from recovering damages for mental anguish because of negligence in the transmission, although it would have been physically possible to send a message over a route wholly within the State.

Appeal from Pope Circuit Court; A. B. Priddy, Judge; affirmed.

STATEMENT OF FACTS.

Fay Shannon sued the Western Union Telegraph Company to recover for mental anguish caused by its negligence in transmitting a telegraphic message. The message, which was delivered to the plaintiff at Dardanelle, Ark., was as follows:

"Lincoln, Nebraska, 11 A. M.

"February 6th, 1921, 9-1 exa. Rush

"Miss Fay Shannon, Dardanelle, Ark.

"Your father bad sick. Come at once. Answer. (Signed) J. A. Miller. 11:55 A. M."

The message should have been dated Lincoln, Ark. The plaintiff immediately wired J. A. Miller at Lincoln, Neb., that she would leave on the first train for that place. She purchased a ticket for Kansas City, Mo., and proceeded on her way. While on board the train in the State of Kansas, she received a message from a friend in Dardanelle advising her that a mistake had been made in the telegram and for her to return to Lincoln, Ark. She immediately returned to Lincoln, Ark., but arrived there twenty-six hours later than she would have done had the mistake not been made. She suffered great mental anguish on account of the delay. She found her father seriously ill, and he died in a few days. She paid out in extra railroad fare the sum of $30.

According to the testimony of T. D. Daniel, the chief operator of the Western Union Telegraph Company at Muskogee, Oklahoma, the message in question was received through his office. The message was sent from Lincoln, Ark., to Muskogee, Okla., and was relayed to Kansas City, Mo. From Kansas City, Mo., it went to Little Rock and from Little Rock, Ark., to Russellville, Ark. It then was sent by telephone by the company from Russellville to the plaintiff at Dardanelle. The message followed the established route of the company, which had been customary for a large number of years. The Western Union Telegraph Company has a line of poles from Lincoln, Ark., to Fayetteville, Ark., but it has no connection out of Fayetteville. It has a line of poles from the north running through Fayetteville to Ft. Smith, Ark., but there is no connection between the two lines. It also has wires on poles from Ft. Smith, Ark., to Russellville, Ark., but they are cut out of the board at Russellville. If the message had been sent from Lincoln, Ark., to Fayetteville, it would still have been transmitted to Muskogee and through Kansas City and Little Rock to Russellville. There is no physical connection between Russellville and Ft. Smith. The routings that are fixed and used for messages are for the purpose of facilitating or expediting the amount of traffic for the benefit of all the offices concerned, and also to save operating expenses. It was also shown by the manager of the Western Union office at Lincoln, Ark., that all messages from that place, except local business, take the route through Muskogee.

The court directed a verdict for the plaintiff in the sum of $30, being the amount tendered to the plaintiff by the company. From the judgment rendered the plaintiff has duly prosecuted an appeal to this court.

*John B. Crownover,* for appellant.

The court erred in directing a verdict in favor of the defendant. 95 Ark. 561; 71 Ark. 447. The evidence was not sufficient to support the verdict. 76 Ark. 522; 73 Ark.

561; 82 Ark. 222; 89 Ark. 372; 63 Ark. 94; 77 Ark. 556; 36 Ark. 451; 35 Ark. 146; 62 Ark. 63; 84 Ark. 507.

Damages should have been assessed under § 7947, C. & M. Digest.

This was an intrastate message. 1 L. R. A. 232; 17 L. R. A. 443; *Id.* 646; 27 L. R. A. 843; 22 L. R. A. 570.

*Francis R. Stark, Calvin Sellers* and *Rose, Hemingway, Cantrell & Loughborough,* for appellee.

The message transmitted from Lincoln, Arkansas, through Oklahoma and Missouri, to Russellville, Arkansas, over the customary route of the company, was an interstate message, and controlled by the case of *Western Union Tel. Co.* v. *Speight,* 254 U. S. 17; and no recovery for mental anguish could be had. See also, 240 U. S. 612; 187 U. S. 617; 236 U. S. 568; 89 So. 299; 106 S. E. 507; 91 S. E. 158; 98 S. E. 645.

Messages between two points within, but transmitted over lines passing without the State, constitute interstate commerce, and are subject to Federal control, and State laws must give way, whether such laws take the form of judicial decisions or legislative enactments. Cooley's Const. Lim. 7th Ed. p. 31; 5 R. C. L. 705, sec. 17.

Decision of all questions arising under the laws of the United States rests finally with the Federal court. Cooley's Const. Lim. 7th Ed. p. 31; 5 R. C. L. 705

HART, J. (after stating the facts). The judgment was correct. It is true, as insisted by counsel for appellant, that the telegram was for transmission between two points within the State of Arkansas. But, according to the Federal decisions, we must look to the whole evidence to ascertain, by the act of its transmission through other States by several relays, if it was an act of interstate commerce.

In the recent decision of *West. Union Tel. Co.* v. *Speight,* 254 U. S. 17, it was held by the Supreme Court of the United States that the transmission of a telegram between two points in the same State over a route pass-

ing out of the State was none the less an interstate message, so as to prevent the plaintiff from recovering damages for mental anguish because of negligence in the delivery, although it would have been physically possible to have sent the message over a route lying wholly within the State. In that case the message was from Greenville to Rosemary, both in the State of North Carolina, and it was transmitted through the State of Virginia through relay offices there. This was the route ordinarily used by the company for years. The court said that the transmission of a message through two States is interstate commerce as a matter of fact, and that the fact must be tested by the actual transaction. The court further said that the course adopted was more convenient and less expensive for the company, and there was nothing to show motives except the facts. It also said that the message was sent in the quickest way.

The facts in the present case are in all essential respects precisely similar to the facts in that case, and it is our duty to follow the decisions of the Supreme Court of the United States in the construction of the interstate commerce act passed by Congress. The ruling of the trial court was in accord with the rule announced by the Supreme Court of the United States, and damages for mental anguish are accordingly not recoverable.

Therefore the judgment will be affirmed.