WESTERN UNION TELEGRAPH COMPANY *v.* MEYERS.

[No. 11,605.   Filed October 9, 1923.]

1.   TELEGRAPHS AND TELEPHONES.—*Interstate Regulation.—Failure to Deliver Message.—Liability.—Statutes.*—The liability of a telegraph company for negligence in its transmission or delivery of an interstate message is controlled by federal law (Act of June 18, 1910, 36 Stat. at L. 539-545) and the penalty imposed by the state law (§5781 Burns 1914, Acts 1885 p. 151) for failure to transmit a telegram cannot be invoked.   p. 377.

2.   TELEGRAPHS AND TELEPHONES.— *Interstate Regulations.—Failure to Transmit Message.—Liability for Mental Suffering.*—One who has sent a telegram to his brother in another state, informing him of their mother's death, cannot recover damages solely for mental suffering caused by the negligence of the telegraph company in failing to transmit the telegram, since the common law gives no redress for mental suffering not inseparably accompanied by some form of physical injury. pp. 377, 379.

3.   TELEGRAPHS AND TELEPHONES.—*Action for Failure to Transmit Message.—Breach of Contract.—Tort.*—An action by the sender of a telegram against a telegraph company for failure to transmit a message, *held* an action in tort and not a breach of contract; the duty to transmit the message being a public duty, and not merely one created by contract.   p. 378.

4.   DAMAGES.— *Delay in Telegram.— Mental Suffering.— Recovery.*—Damages cannot be recovered for mental suffering due to failure to transmit a telegram of the death of a parent of the sender, in the absence of any physical injury; and though the sender was damaged to the amount of the price paid for the message, it will not authorize a recovery for mental suffering.   p. 379.

From Marion Superior Court (A15,803); *Theophilus J. Moll,* Judge.

Action by Ella Meyers against the Western Union Telegraph Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Pickens, Moores, Davidson & Pickens* and *Smiley N. Chambers,* for appellant.

*Charles Mendenhall,* for appellee.

REMY, J.—Appellee was the sender of the following telegraphic message: "Indianapolis, Indiana, December 20, 1921. Arla King, Pelahatchie, Mississippi. Mother is dead 6:25 this Tuesday evening. Ella Meyers." Appellant, the telegraph company which accepted the message for transmission, negligently failed to send it, and appellee commenced this action for damages. A trial resulted in a finding and judgment for appellee in the sum of $50.97. A new trial having been denied, this appeal is prosecuted. The only question involved is: Can the sender of a telegram addressed to the sender's brother in another state, informing such brother of the death of their mother, recover damages solely for mental suffering caused by the negligence of the telegraph company in failing to transmit the telegram?

The message being interstate in character, the statute of this state imposing a penalty for failure to transmit a telegram (§5781 Burns 1914, Acts 1885 p. 1,2. 151) cannot be invoked, and the liability of the telegraph company for negligence in its transmission or delivery is controlled by federal law. Act of June 18, 1910, 36 Stat. at L. 539-545; *Western Union Tel. Co.* v. *Hanlin* (1920), 73 Ind. App. 120, 125 N. E. 45; *Western Union Tel. Co.* v. *Boegli* (1919), 251 U. S. 315, 40 Sup. Ct. 167, 64 L. Ed. 281. The common-law rule in such cases is the rule followed by the federal courts. The common law gives no redress for mental suffering when such suffering is not inseparably ac-

companied by some form of physical injury. *Western Union Tel. Co.* v. *Sklar* (1903), 126 Fed. 295, 61 C. C. A. 281; *Western Union Tel. Co.* v. *Chouteau* (1911), 28 Okla. 664, 115 Pac. 879, 49 L. R. A. (N. S.) 206, Ann. Cas. 1920D 824; *Western Union Tel. Co.* v. *Ferguson* (1901), 157 Ind. 64, 60 N. E. 674, 1080, 54 L. R. A. 846. The reason for the rule is that mental suffering alone is of too uncertain a nature to afford a reasonable basis for the ascertainment of compensation. The common-law rule which prevails in the federal courts, and in the courts of most states, including Indiana, is fully discussed by the Supreme Court of this state, in the case of *Western Union Tel. Co.* v. *Ferguson, supra.* The opinion in that case is perhaps the most complete and learned discussion of the subject to be found in the books. An extended discussion by this court at this time is, therefore, wholly unnecessary, if not altogether out of place.

It is suggested by appellee that the rule that mental anguish alone cannot be made the basis of an action for damages in negligence cases is not applicable in

3. the case at bar for the reason that the action is by the sender, and not the sendee, of the telegram. It is argued that this action having been brought by the sender of the message is an action *ex contractu* based upon appellant's contract with the telegraph company; that by the character of the message appellant was apprised that a failure to transmit the message would result in mental anguish to the sender; and that therefore damages for mental suffering was in the contemplation of the parties at the time they made the contract, as a probable result of a breach by the telegraph company. But the failure of the company to transmit the telegram was more than a breach of contract, it was a breach of a public duty. The contract served to create the relation of duty between the par-

ties. The action is an action in tort. *Bruce* v. *Indianapolis Gas Co.* (1910), 46 Ind. App. 193, 92 N. E. 189; *Coy* v. *Indianapolis Gas Co.* (1897), 146 Ind. 655, 46 N. E. 21, 36 L. R. A. 535; *Western Union Tel. Co.* v. *Biggerstaff* (1912), 177 Ind. 168, 174, 97 N. E. 531; *Chapman* v. *Western Union Tel. Co.* (1892), 88 Ga. 763, 15 S. E. 901, 17 L. R. A. 430, 30 Am. St. 183; 2 Thompson, Negligence §2456. The sender of a telegram, like the sendee, cannot recover damages for negligence in failing to transmit or deliver a telegram where the only damage alleged or proved is mental suffering unaccompanied by physical injury.

2.

That the sender of a telegram which through the negligence of the telegraph company was not sent or promptly delivered was damaged to the amount of the price paid for the service, will not authorize a recovery for mental suffering. The sender's small monetary loss by reason of the charge for transmitting the telegram is fixed with certainty, and is wholly separable from the damages suffered, if any, for mental distress. *Corcoran* v. *Postal Tel., etc., Co.* (1914), 80 Wash. 570, 142 Pac. 29, L. R. A. 1915B 552.

4.

Since the damages awarded appellee, other than the small charge paid the company to send the message, are solely for mental suffering unaccompanied by any physical injury, we hold that the decision of the court is contrary to law.

Judgment reversed, with instructions to grant a new trial, and for further proceedings consistent with this opinion.