## EY v. WESTERN UNION TELEGRAPH & CABLE Co.

(District Court, N. D. California, Second Division.)

No. 16496.

1. **Telegraphs and telephones ☞68(2)—Damages for mental anguish not recoverable.**

    Damages for mental anguish and physical and bodily injury, caused by failure to deliver telegram announcing death of plaintiff's brother, *held* not recoverable.

2. **Damages ☞49—Mental pain and anguish not recoverable, in absence of injury to person.**

    Where no injury is done to person, property, health, or reputation, mental pain and anguish are too vague for legal redress.

3. **Damages ☞49—No recovery for physical injury resulting from mental anguish.**

    There can be no recovery for physical and bodily injury following as a mere sequel to mental anguish.

At Law. Action by Frank F. Ey against the Western Union Telegraph & Cable Company. On demurrer to complaint. Demurrer sustained.

Byron Ball, of San Francisco, Cal., for plaintiff.

B. L. Hodghead, of San Francisco, Cal., for defendant.

RUDKIN, District Judge. This is an action to recover damages for mental anguish and physical and bodily injury caused by the failure to deliver a telegram announcing the death of a brother. A general demurrer has been interposed to the complaint for want of sufficient facts.

[1, 2] The rule is well settled, in the federal courts, at least, that mere mental pain and anguish are too vague for legal redress where no injury is done to person, property, health, or reputation. Southern Express Co. v. Byers, 240 U. S. 612, 36 Sup. Ct. 410, 60 L. Ed. 825, L. R. A. 1917A, 197; Western Union Telegraph Company v. Speight (decided October 25, 1920) 254 U. S. 17, 41 Sup. Ct. 11, 65 L. Ed. 104. These cases fully dispose of the case, so far as the claim for damages for mental pain and anguish is concerned.

[3] Can there, then, be a recovery for physical and bodily injury which follow as a mere sequel to the mental anguish? It would seem not. If there can be no recovery for the principal thing, there can be no recovery for mere incidents or consequences. It was so held in Jones v. Western Union Telegraph Company (D. C.) 233 Fed. 301, and that case is fully supported by the authorities cited.

Counsel for the plaintiff argues somewhat ingeniously that it does not appear from the complaint that the physical and bodily injury was caused by or resulted from the mental anguish. But, conceding this to be true, it is equally true that, if not caused by the mental anguish, no connection whatever is shown between the wrong and the injury, because physical and bodily injury are not the natural or necessary consequence of a mere failure to deliver a telegram.

The demurrer is therefore sustained.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes