## PULLMAN CO. et al. v. DUDLEY.
### No. 1329.

Court of Civil Appeals of Texas. Eastland.
Oct. 26, 1934.

Rehearing Denied Dec. 7, 1934.

McCormick, Bromberg, Leftwich & Carrington, of Dallas, and T. R. Boone and Kearby Peery, both of Wichita Falls, for appellants.

E. W. Napier, of Wichita Falls, for appellee.

HICKMAN, Chief Justice.

The appeal is from a judgment in favor of appellee, Mrs. Verna Dudley, a widow, against the Missouri, Kansas & Texas Railway Company of Texas and the Pullman Company, jointly and severally, for $2,500 damages for personal injuries.

Appellee's husband died in the state of Missouri, and his remains were shipped over the Missouri Pacific and the Missouri Kansas & Texas Railway Companies' lines from St. Joseph, Mo., to Wichita Falls, Tex. Appellee purchased a railroad ticket over the same lines for herself from St. Joseph to Wichita Falls, and also purchased a Pullman ticket entitling her to sleeper accommodations from Kansas City, Mo., to Denison, Tex. She rode in a day coach from St. Joseph to Kansas City, and intended to ride in such a coach from Denison to Wichita Falls. It was necessary for her to move from the Pullman car at Denison into a coach, which was to be switched onto the train going to Wichita Falls. According to her testimony, just before the train on which she was riding got to Denison, the porter on the Pullman car advised her to remain seated after reaching the yards in Denison, while some switching was being done, after which he would assist her with her baggage and place her in the Wichita Falls coach. The porter undertook to furnish her this service, which he testified was one of the duties of his employment; but he made the mistake of putting her in a chair car of appellant railway company's train that went to Dallas. A short time after the Dallas train left the station at Denison, the conductor came by to take up her ticket and advised her that she was on the wrong train. She requested him to stop the train and let her off, but he refused to do so, and she was carried on to Dallas. Her husband's body was properly placed on the Wichita Falls train and reached its destination on schedule. An agent of the railroad company met the train at Dallas and took the appellee to Wichita Falls in an automobile, and on through Wichita Falls to her home in Iowa Park; the husband's body having been taken to Iowa Park from the Wichita Falls station by the undertaker, in accordance with previous arrangements. As the result of being placed on the wrong train and being taken to Dallas, appellee arrived in Wichita Falls three or four hours later than the train bearing the body of her husband.

The acts of negligence relied upon and found to exist by the jury were as follows: As to the Pullman Company, the porter's act of placing her in the Dallas coach; and, as to the railroad company, the refusal of the conductor to stop the train and allow her to get off.

The jury was instructed that, in arriving at the amount of appellee's damages, it might take into consideration her mental distress and physical suffering. To this issue, with its instruction, objection was timely filed on the ground that the court permitted and allowed the jury to take into consideration appellee's mental distress, an element forbidden by the laws applicable to the case. A further objection was that the instruction allowed the jury to take into consideration suffering, whether the same resulted from bodily injury or was that physical suffering resulting from mental distress and worry. The objection was overruled, and this action of the court is made the basis of the principal law question presented in the case.

■ Appellee's tickets for railroad and sleeping car accommodations being from points in the state of Missouri to points in the state of Texas, her cause of action, if any she has, arose under the Constitution and laws of the United States, more specifically under the United States Transportation Act (41 Stat. 456), and her right to recovery must be controlled by the decisions of the Supreme Court of the United States relative thereto. Southern Express Co. v. Byers, 240 U. S. 612, 36 S. Ct. 410, 60 L. Ed. 825, L. R. A. 1917A, 197; Neubert v. Chicago, R. I. & G. Ry. Co., 116 Tex. 644, 296 S. W. 1090, 53 A. L. R. 1224; Cleburne Peanut & Prod. Co. v. M., K. & T. Ry. Co. (Tex. Com. App.) 221 S. W. 270; Neville v. Gulf, C. & S. F. Ry. Co. (Tex. Com. App.) 252 S. W. 483; Western Union Tel. Co. v. Kilgore (Tex. Civ. App.) 220 S. W. 593.

■ Under the Texas decisions, damages are recoverable for mental anguish only; but under the federal decisions such damages are not recoverable. In order to support a judgment for damages for mental anguish and suffering under the federal decisions, same must have been caused by or grown out of bodily injury sustained by the plaintiff. Southern Express Co. v. Byers, supra; Western Union Tel. Co. v. Speight, 254 U. S. 17, 41 S. Ct. 11, 65 L. Ed. 104; Western Union Tel. Co. v. Boegli, 251 U. S. 315, 40 S. Ct. 167, 64 L. Ed. 281. It is also the federal rule that recovery cannot be had for physical in-

jury which follows as a mere sequel to the mental anguish. It is reasoned that, if there can be no recovery for the principal thing, there can be no recovery for mere incidents or consequences. Jones v. Western Union Tel. Co. (D. C.) 233 F. 301; Ey v. Western Union Tel. & Cable Co. (D. C.) 298 F. 357.

■ With these established principles in mind, we have made a careful investigation of the record to determine whether it discloses the existence of a state of facts under which damages could be recovered for mental anguish. The evidence bearing on this question will not be set out in detail, but we think it sufficient for the purpose of this opinion to state that the undisputed facts reveal that appellee was given most considerate attention by the railroad company after her unfortunate position was discovered. No act on the part of the railroad company is complained of, save the refusal of the conductor to stop the train and let her off. Information that she was on the wrong train was wired to Wichita Falls; she was permitted to talk over long-distance telephone to her home in Iowa Park at the company's expense, was offered lunch in Dallas, and was driven by a railroad official in his own car from Dallas to Iowa Park over a paved highway. The weather was good, and she sustained no particular physical injuries. Certain it is that the mental anguish and suffering which she underwent, because of not accompanying the body of her husband and arriving at Wichita Falls with it, did not grow out of any physical injuries sustained by her. The expression is frequently found that under the federal rule damages for mental suffering are recoverable if such suffering is accompanied by physical injury. That expression does not mean that damages may be recovered for mental suffering in all cases where there is contemporaneous physical suffering. There must be some causal connection between the two. The rule is that recovery may be had for that mental suffering only which is caused by, or which flows from, physical injury. 17 C. J. p. 832 et seq., and authorities supra.

■ Our conclusion is that, for the mental suffering of appellee, as well as for the physical suffering growing out of such mental suffering, she was not entitled to recover damages under the federal rule, and that the court erred in submitting those elements to the jury.

■ In her brief appellee devotes much space to an able discussion of the question that she had her choice of remedies. It is presented that she could have sued for damages for breach of the contract of transportation, or for the tort, and that she chose the latter course. The argument seems to assume that the federal rules above announced have application when the action is ex contractu, but are not applicable when the action is ex delicto. No authorities are cited in support of the assumption, and we know of none. Neither do we perceive any reason for making this distinction. It is immaterial whether, strictly speaking, appellee sued on her contract, or for tort, for, regardless of its form, the action arose out of interstate transportation, and the federal government having, under its constitutional right, possessed that field, the rule of decision of its courts must govern on any question relative thereto.

■ It is presented by the railroad company that its request for a peremptory instruction should have been granted, because it owed no duty to stop the train and allow appellee to get off, and could, therefore, be guilty of no negligence in that regard. The cases relied upon to support this contention have been examined, and, in our opinion, are not applicable to the facts here presented. In those cases, of which Gulf, C. & S. F. R. Co. v. Moore, 98 Tex. 302, 83 S. W. 362, 4 Ann. Cas. 770, is a type, the question decided was that railroad companies are not bound to stop all their trains at every station, but may make reasonable rules regulating their schedules. In the instant case, no applicable rule had been promulgated by the railroad company, and the question of what to do under circumstances like these was left to the discretion of the conductor in charge of the train. According to the testimony of appellee, at the time the error was discovered she informed the conductor of her plight and requested that he let her get off. There was evidence that she could have caught the Wichita Falls train either at Denison or at the next station by hiring a service car. At the time the request was made the train upon which she was riding was not more than three or four blocks from the station in Denison and moving slowly. The jury found that under all these facts and circumstances, the conductor was negligent in refusing to grant her request. We cannot hold, as a matter of law, that the finding was not justified. In the case of International & G. N. Ry. Co. v. Gilbert, 64 Tex. 536, it is held that a person who, by mistake, gets on a different train from the one he intended taking passage on, is a passenger on the train he boards. The same conclusion is announced in 8 Tex. Jur. p.

603, § 425. Because of the high degree of care owing by a carrier to a passenger, it cannot be said, we think, as a matter of law, that the duty to permit the appellee to alight did not arise under the facts of this case.

■ On the question of the duty of the Pull-. man Company to put appellee on the right train at Denison, there is testimony in the record by the porter that this was one of the duties of his employment. With that evidence in the record, we cannot say, as a matter of law, that liability could not be predicated upon the negligent performance of that duty.

■■ In the oral argument it was recognized that appellee probably suffered some small damage not properly classified as mental suffering by reason of being compelled to take the circuitous route to Wichita Falls. But it was argued that, under the record, this damage was but nominal, making applicable the maxim, "De minimis non curat lex," and that, therefore, we should render judgment here that appellee take nothing. The record discloses that a substantial right of appellee has been violated. The damages which the record would authorize under the rule of decision in the federal courts are small. We cannot say that, technically speaking, they should be classified as nominal only, but it has been held that the maxim above quoted is not applicable even where only nominal damages have been suffered, if a substantial right has been violated. Lawless v. Evans (Tex. App.) 14 S. W. 1019; 13 Tex. Jur. p. 71, § 5.

Upon a retrial of this case in accordance with this opinion the other questions presented in the briefs will probably not arise and they are not, therefore, here considered.

For the error above pointed out, the judgment of the trial court is reversed, and the cause remanded.