[Civil No. 4298. Filed April 21, 1941.]

[112 Pac. (2d) 857.]

THE WESTERN UNION TELEGRAPH COM-PANY, a New York Corporation, Appellant, v. ANNE V. CONWAY and J. T. CONWAY, Her Husband, Appellees.

Mr. Francis R. Stark, of New York City and Messrs. Gust, Rosenfeld, Divelbess, Robinette and Coolidge, for Appellant.

Mr. Wallace W. Clark, for Appellees.

ROSS, J.—The question we have to decide is whether the Western Union Telegraph Company is liable in damages for failure to deliver an interstate telegram to the plaintiff, Anne V. Conway, announcing the death of her mother, when by reason of such failure she was prevented from attending her mother's funeral. The telegram, in the following words: "MOM DIED THIS MORNING PEACEFULLY BURIAL THURSDAY VERY SORRY YOU CANT BE HERE PERHAPS LATER POP" addressed to Mr. and Mrs. J. T. Conway at Phoenix, Arizona, was delivered to the defendant at Canton, Ohio, January 17, 1939, for transmission. The plaintiff Anne V. (Mrs. J. T.) Conway, on January 18, 1939, at about 11 P. M., first learned, through her brother's telephoning her from Canton, Ohio, of her mother's death and that her funeral would be on Thursday, January 19, too late for her to go to Canton for the funeral.

The plaintiff's damages are laid in the following language of her complaint:

"That by reason of the defendant's negligent and careless conduct in failing and neglecting to deliver said message, she, the said plaintiff, Anne V. Conway, was prevented from attending the funeral and last burial *rights* of her beloved mother; that she did, on learning for the first time of the death of her mother and of the time fixed for the funeral and last

bùrial *rights,* become ill and was required to remain in bed for the period of four days, or thereabouts, wherein she suffered much mental pain and anguish, nervous shock and physical ailment. . . . ''

The defendant in its answer admitted liability for return of the amount paid for transmitting the message from Canton, Ohio, to Phoenix and for the telephone message, in all $16.45, and offered to confess judgment for that amount; but contended therein that it was not liable ''for mental anguish or physical suffering growing out of mental anguish,'' the only elements of damage alleged or proved by plaintiff.

The case was tried before a jury and resulted in a verdict for $500, the exact amount prayed for, and judgment was duly entered thereon. The company has appealed.

The defendant insists that the only damages plaintiff was entitled to recover were nominal. It accordingly, at the close of plaintiff's case and again at the close of the case, moved for a directed verdict for plaintiff for nominal damages, and it is the order overruling such motion which is assigned as error. The ground of the motion was that under the federal rule there can be no recovery for mental anguish or physical suffering growing out of mental anguish, and that such rule is exclusive when the negligence is in connection with the failure to deliver an interstate telegram, as here.

■■ The parties are in agreement that the federal rule of damages for failure of the common carrier of intelligence to deliver an interstate telegram is the applicable rule, but they differ as to what that rule is. This rule results through the exercise by the Congress of the power conferred on it in the Federal Constitution, Art. 1, Sec. 8, cl. 3, to regulate interstate commerce, Act June 18, 1910, 36 Stat. 539, 49 U. S. C. A., §§ 1–15; U. S. C. A., title 47, secs. 151 et seq. That

the occupation of such field by the Congress is exclusive has frequently been confirmed by the courts, both federal and state. *Western Union Telegraph Co.* v. *Griffin,* 41 Ariz. 387, 18 Pac. (2d) 653; *Western Union Telegraph Co.* v. *Speight,* 254 U. S. 17, 41 Sup. Ct. 11, 65 L. Ed. 104; *Postal Telegraph-Cable Co.* v. *Warren-Godwin Lumber Co.,* 251 U. S. 27, 40 Sup. Ct. 69, 64 L. Ed. 118; *Western Union Telegraph Co.* v. *Boegli,* 251 U. S. 315, 40 Sup. Ct. 167, 64 L. Ed. 281; *Poor* v. *Western Union Telegraph Co.,* 196 Mo. 557, 196 S. W. 28; *Western Union Telegraph Co.* v. *King,* 61 Ga. App. 537, 6 S. E. (2d) 368; *Ingram* v. *Hughes,* 170 S. C. 1, 169 S. E. 425, 87 A. L. R. 1325; *O'Brien* v. *Western Union Telegraph Co.,* 1 Cir., 113 Fed. (2d) 539; *Western Union Telegraph Co.* v. *Aldridge,* 9 Cir., 66 Fed. (2d) 26, 89 A. L. R. 352; *Vaigneur* v. *Western Union Telegraph Co.,* D. C., 34 Fed. Supp. 92; *Pullman Co.* v. *Dudley,* (Tex. Civ. App.) 77 S. W. (2d) 592. In the Griffin case, *supra* [41 Ariz. 387, 18 Pac. (2d) 654], we said:

"By the amendment of June 18, 1910 (36 Stat. 539), U. S. C. A., title 49, §§ 1–15, the Interstate Commerce Act was extended to cover common carriers engaged in the transmission of intelligence by wire or wireless in interstate and foreign commerce. Before this, the regulation of such agencies was generally recognized as a state right or function, and their liability for tort or breach of contractual duty was governed by statute and by the common law, or both. The regulation of interstate commerce is by the Federal Constitution conferred upon the Congress. Article 1, § 8, subd. 3. Until the Congress assumed the exercise of this power by the creation of the Interstate Commerce Commission and invested it with the supervision and regulation of common carriers of intelligence, such as telegraph and telephone and cable companies, there was no objection to the different states occupying such field. Congress having moved into the field, however, has automatically ousted the states. It is now well

settled by the federal courts and most of the state courts that the rights and liabilities and duties arising out of interstate messages depend upon the act of Congress.

. . . . . . . . . . . . . .

"We have frequently recognized the binding effect upon this court of the decisions of the Supreme Court of the United States, where federal questions were involved. . . . "

Defendant contends that under the federal rule no recovery can be had for mere mental anguish or for physical suffering growing out of mental anguish, and cites the above cases, and others, for authority supporting its contention.

The plaintiff, to the contrary, argues that the rule permits recovery for such injury and relies upon *Southern Express Company* v. *Byers*, 240 U. S. 612, 36 Sup. Ct. 410, 411, 60 L. Ed. 825, L. R. A. 1917A, 197, to sustain her, wherein the court used the following language:

" . . . In such circumstances as those presented here, the long-recognized common-law rule permitted no recovery [for mental suffering only]; the decisions to this effect 'rest upon the elementary principle that mere mental pain and anxiety are too vague for legal redress where no injury is done to person, property, health, or reputation.' Cooley, Torts, 3d ed. page 94. . . . "

The claim for damages in the Byers case was for "mental suffering only" and the only question decided was that no recovery could be had on such claim because it was "too vague for legal redress." What was added as an exception was not necessary to a decision and, as shown by the decision itself, was no part of the rule in the federal courts, for immediately following it the court said:

"The lower Federal courts, almost without exception, have adhered to this doctrine [quoted above],

and in so doing we think they were clearly right upon principle and also in accord with the great weight of authority.''

One of the cases cited in support of the doctrine announced in the Byers case is *Tyler* v. *Western Union Telegraph Co.,* C. C., 54 Fed. 634, 637, in which it is said:

'' . . . And counsel for plaintiff, as if anticipating this, has alleged in his declaration and argued that there has been physical suffering and injury resulting from the mental anxiety of the plaintiff, and undertakes in his argument so to weave the two together as to give the injuries the nature necessary for the maintaining of this action. But the court thinks the sickening of the body in consequence of anxiety of mind is too remote a result of the negligence complained of to give the case the elements which it should possess in order to maintain the action. As has been said by Lord Campbell, quoted by Wharton on Negligence (section 78):

'' 'If the wrong and the legal damage are not known by common experience to be usually in sequence, and the damage does not, according to the ordinary course of events, follow from the wrong, the wrong and the damage are not sufficiently conjoined or concatenated as cause and effect to support an action.' ''

If in the Byers case it was intended by the language quoted and relied upon by plaintiff to state the law to be that recovery for physical suffering growing out of mental anguish might be had, no case has been cited or found so construing such language. The following cases, or at least most of them, cite the Byers case as authority for the proposition that recovery may not be had for physical injury as a sequence of mental pain or anguish. *Western Union Telegraph Co.* v. *Speight,* 254 U. S. 17, 41 Sup. Ct. 11, 65 L. Ed. 104; *Ey* v. *Western Union Telegraph & Cable Co.,* D. C., 298 Fed. 357; *Western Union Telegraph Co.* v. *Hall,* 4 Cir., 287 Fed. 297; *Mees* v. *Western Union Telegraph*

*Co.,* D. C., 55 Fed. (2d) 691; *Jones* v. *Western Union Telegraph Co.,* D. C., 233 Fed. 301; *Stanley* v. *Western Union Telegraph Co., D.* C., 23 Fed. Supp. 674; *Shannon* v. *Western Union Telegraph Co.,* 152 Ark. 358, 238 S. W. 59. In the Ey case, *supra,* it is said:

"The rule is well settled, in the federal courts, at least, that mere mental pain and anguish are too vague for legal redress where no injury is done to person, property, health, or reputation. *Southern Express Co.* v. *Byers,* 240 U S. 612, 36 Sup. Ct. 410, 60 L. Ed. 825, L. R. A. 1917A, 197; *Western Union Telegraph Company* v. *Speight* (decided October 25, 1920) 254 U. S. 17, 41 Sup. Ct. 11, 65 L. Ed. 104. These cases fully dispose of the case, so far as the claim for damages for mental pain and anguish is concerned.

"Can there, then, be a recovery for physical and bodily injury which follow as a mere sequel to the mental anguish?· It would seem not. If there can be no recovery for the principal thing, there can be no recovery for mere incidents or consequences. . . . "

In the Dudley case, *supra* [77 S. W. (2d) 593], it is said:

"Under the Texas decisions, damages are recoverable for mental anguish only; but under the federal decisions such damages are not recoverable. In order to support a judgment for damages for mental anguish and suffering under the federal decisions, same must have been caused by or grown out of bodily injury sustained by the plaintiff. *Southern Express Co.* v. *Byers, supra; Western Union Tel. Co.* v. *Speight,* 254 U. S. 17, 41 Sup. Ct. 11, 65 L. Ed. 104; *Western Union Tel. Co.* v. *Boegli,* 251 U. S. 315, 40 Sup. Ct. 167, 64 L. Ed. 281. It is also the federal rule that recovery cannot be had for physical injury which follows as a mere sequel to the mental anguish. It is reasoned that, if there can be no recovery for the principal thing, there can be no recovery for mere incidents or consequences. *Jones* v. *Western Union Tel. Co.* (D. C.) 233 Fed. 301; *Ey* v. *Western Union Tel. & Cable Co.* (D. C.) 298 Fed. 357.

"The expression is frequently found that under the federal rule damages for mental suffering are recoverable if such suffering is accompanied by physical injury. That expression does not mean that damages may be recovered for mental suffering in all cases where there is contemporaneous physical suffering. There must be some causal connection between the two. The rule is that recovery may be had for that mental suffering only which is caused by, or which flows from, physical injury. 17 C. J. p. 832 et seq., and authorities *supra*."

■ Even though damages for negligence causing mental anguish may be recovered in some of the states, the courts thereof follow the federal rule when such negligence consists of a failure to transmit or deliver an interstate telegram. 62 C. J. 225, § 261; *Western Union Telegraph Co.* v. *Hawkins,* 198 Ala. 682, 73 So. 973; *Western Union Telegraph Co.* v. *Johnson,* 115 Ark. 564, 171 S. W. 859; *Western Union Telegraph Co.* v. *Meyers,* 80 Ind. App. 376, 141 N. E. 85; *Frederick* v. *Western Union Telegraph Co.,* 189 Iowa 1338, 179 N. W. 934; *Western Union Telegraph Co.* v. *Lee,* 174 Ky. 210, 192 S. W. 70, Ann. Cas. 1918C, 1026; *Fortier* v. *Western Union Telegraph Co.,* (La. App.) 168 So. 321; *Western Union Telegraph Co.* v. *Rogers,* 172 Miss. 853, 161 So. 131; *Burke* v. *Western Union Telegraph Co.,* 137 Neb. 878, 291 N. W. 555; *Norris* v. *Western Union Telegraph Co.,* 174 N. C. 92, 93 S. E. 465; *Western Union Telegraph Co.* v. *Beach,* 88 Okl. 73, 211 Pac. 1034; *Hall* v. *Western Union Telegraph Co.,* 108 S. C. 502, 94 S. E. 870; *Western Union Telegraph Co.* v. *Kilgore,* (Tex. Civ. App.) 220 S. W. 593; *Durre* v. *Western Union Telegraph Co.,* 165 Wis. 190, 161 N. W. 755.

We think under the law the defendant's motion should have been granted. The judgment is therefore reversed and the cause remanded with directions that

judgment be entered in favor of plaintiff for the sum of $16.45, and that costs be charged to plaintiff.

LOCKWOOD, C. J., and McALISTER, J., concur.