HOLMES, Judge
(dissenting):
I respectfully dissent.
It is clear to me that the trial court ruled correctly in finding and holding that L&N’s business activity in the instant appeal was not “intrastate.” I believe the following paragraph from L&N’s brief expresses my view exactly and is as follows:
The key issue in this case involves the application of familiar statutory and constitutional language — “intrastate business” and “intrastate earningfs]” — to the undisputed nature of the transportation movements which were the business or commerce and which produced the earnings. L & N’s revenues are derived from charges, fixed and approved by the Interstate Commerce Commission as “interstate” tariffs, for its portion of transportation movements which began in Selma and ended in Venezuela or which began in Peru and ended in Birmingham. The trial court was exactly correct in finding and holding that L & N’s business activity was not “intrastate”; that its earnings from this activity were not “intrastate”; and, that accordingly, the Alabama gross receipts tax, which in terms taxes only “intrastate” earnings and business, could not be applied to these receipts.
In support of the above, see, Dept. of Rev. of State of Wash. v. Ass’n of Wash. Steve. Co., 435 U.S. 734, 98 S.Ct. 1388, 55 L.Ed.2d 682 (1978); Complete Auto Transit, Inc. v. Brady, 430 U.S. 274, 97 S.Ct. 1076, 51 L.Ed.2d 326 (1977); United States v. Yellow Cab Co., 332 U.S. 218, 67 S.Ct. 1560, 91 L.Ed. 2010 (1947); Stafford v. Wallace, 258 U.S. 495, 42 S.Ct. 397, 66 L.Ed. 735 (1922); Western Union Telegraph Co. v. Speight, 254 U.S. 17, 41 S.Ct. 11, 65 L.Ed. 104 (1920); Illinois C. R. Co. v. DeFuentes, 236 U.S. 157, 35 S.Ct. 275, 59 L.Ed. 517 (1915); Southern P. T. Co. v. Interstate Com. Com., 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911); Hanley v. Kansas City Southern R. Co., 187 U.S. 617, 23 S.Ct. 214, 47 L.Ed. 333 (1903); Gibbons v. Ogden, 22 U.S. 1, 6 L.Ed. 23 (9 Wheat.) (1824); Texas v. Anderson, Clayton & Co., 92 F.2d 104 (5th Cir. 1937); U. S. v. Picou, 71 F.2d 854 (5th Cir. 1934).
The majority opinion, in my view, ignores the above longstanding case authority in reaching the decision that L&N is conducting “intrastate” business and that the gross receipts therefrom are “intrastate” earnings. I cannot find, and neither is any authority cited, which supports, in situations such as we have here, the differentiation between goods in interstate commerce *291 and revenue generated from movement of interstate commerce.
As indicated, it appears to me the majority considers the dispositive issue to be whether the movement of goods by L&N between points within the State of Alabama constitutes “intrastate” business under the statute. The fact that goods involved might be moving in interstate commerce is said by the majority not to be controlling.
Clearly to me, in this instance, L&N is conducting interstate business and the fact that its activity occurs wholly within Alabama does not change the character of its activities from interstate business to intrastate business for purposes of § 40-21-57.
I would affirm.